[Filed May 21, 1888.]

# GRANT L. ROHR, RESPONDENT, *v.* C. F. PEARSON, APPELLANT.

PARTNERSHIP ACCOUNTING—DUTY OF PARTNER KEEPING ACCOUNTS AND HANDLING FUNDS. — Where it appears that the defendant kept all the books of a firm and kept the bank account of the firm in his own name, *held,* that this imposed upon him the duty of making a full and complete showing of all the affairs of the firm, and of demonstrating every item of account so clearly as to leave no question about the same.

PATENT RIGHTS—USE OF, IN FIRM'S BUSINESS—No IMPLIED CONTRACT TO PAY.— Where the defendant claimed an allowance for the use by the firm of certain patent rights, and the utility of the same is in doubt, and it appears that he voluntarily made use of them in occasional business of the firm without any understanding or expectation that he should be paid for the same, the claim was disallowed.

ACCOUNTS—ALTERATION OF, AFTER SUIT.— Where the defendant after the commencement of the suit made an additional charge for time lost in the business of the firm to what had been by him previously charged on the books of the firm for the same loss, *held,* that it was properly disallowed.

APPEAL from Multnomah County.     Affirmed.

*Jos. Simon,* and *J. C. Moreland,* for Appellant.

*George W. Yocum,* for Respondent.

STRAHAN, J.—The object of this suit is to dissolve the copartnership heretofore existing between the plaintiff and the defendant, and for an accounting. The cause was referred to Henry E. McGinn, Esq., to take the evidence and report his findings of law and fact. Upon the referee's report being filed the same was confirmed by the court, and a final decree entered thereon in favor of the plaintiff, from which decree the defendant has appealed to this court. It is not in accordance with the practice of this court upon an appeal like this to re-examine every item of account between the parties during the existence of the partnership. Such a course of procedure here is ordinarily impracticable. We endeavor to re-examine only those items that rest upon some disputed or controverted question of fact or law.

Upon this appeal, the plaintiff has presented a carefully prepared statement, embracing all of the items of account between

the parties that are controverted on either side; but we are unable to see that the referee failed to find according to the preponderance of the evidence upon those items.

The defendant insists that he ought to be allowed twenty-five dollars per month for the use of a certain patented process for graining, and twenty dollars per month for a certain other patented process for painting roofs, which were owned by him and used by the partnership in its business. This claim was disallowed by the referee, and properly. The actual utility of those inventions seems to be left in doubt by the evidence; but aside from this, it sufficiently appears that the defendant voluntarily used those processes occasionally in the work and business of the firm, without any understanding or even expectation that he should be paid for the same.

The defendant's counsel claim that there is an error of some six hundred dollars in the finding of the referee against the defendant which this court ought to correct. No doubt if there is an error it ought to be corrected, but we think the error alleged does not appear. The defendant kept the books and received and disbursed all the money of the firm during its existence, and he ought, therefore, to be able to demonstrate every item of account so clearly as to leave no question about it. Instead of that, however, numerous errors appear to exist in his accounts, innocently, it may be, but in most instances they are in his favor and against the plaintiff. Another gross irregularity in the business methods of the defendant was his manner of handling the funds of the firm. The firm's bank account was kept in his individual name, and all checks thereon were drawn by him in his own name, and not in the name of the firm. It is probable that all of this occurred without any real intention on the part of the defendant to wrong the plaintiff, at least, it does not directly appear that he had such intention; but it certainly imposed upon him the duty of making a very full and satisfactory statement and showing of all of the affairs of the firm. He ought to remove doubts and clear away difficulties. It is probable the referee did not apply so rigid a rule, though he might have done so. His conclusions are readily sustained without it.

The defendant claimed $411.75 against the plaintiff for lost time in the business of the firm. Of this amount the referee allowed $220. This was the amount charged in the company's books by the defendant against the plaintiff for time lost by the plaintiff, and no sufficient reason is shown for increasing it. It is true the defendant made an additional charge for the same loss, but it was made after this suit was commenced, and under the facts disclosed, we do not think it ought to be allowed.

Our conclusions lead to an affirmance of the decree, and it is so ordered.