Argued May 7, affirmed June 3, 1965

# WOLFE INVESTMENTS, INC. *v.* SHROYER

402 P. 2d 516

*Bruce L. Engel,* Portland, argued the cause for appellant. With him on the brief were Keane, Haessler, Bauman and Harper and Frank A. Bauman, Portland.

*Orval N. Thompson,* Albany, argued the cause for respondent. With him on the brief were Weatherford, Thompson & Horton, Albany.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

HOLMAN, J.

An action was commenced by plaintiff against defendant in Benton County Circuit Court August 2, 1960, for the recovery of a brokerage fee. On December 7, 1960, plaintiff filed a motion against defendant's answer. Nothing further of consequence transpired until plaintiff filed a motion on September 12, 1963, asking for an order setting the motion of December 7, 1960, down for hearing. The motion was granted and the hearing set for September 27.

On the same day, September 12, plaintiff filed the present case in the same court upon the identical cause of action. On September 16 defendant was served with summons and complaint in the second case. On

September 17 defendant filed a motion in the first case to dismiss it for want of prosecution. On September 26 he filed a plea in abatement and answer in the second case. On September 27 a hearing was had in the first case on defendant's motion to dismiss. At that time plaintiff tendered two affidavits to the court to aid in resisting the defendant's motion. One of said affidavits stated: "It is the contention of plaintiff's counsel that if this case be continued as an active case it be vigorously prosecuted by plaintiff." The court took the matter under advisement and on October 4 entered an order dismissing the first case for want of prosecution.

On February 19, 1964, defendant's plea in abatement in the present case was heard. The only evidence submitted was the record in the first case and the testimony of the president of plaintiff corporation that no case but the second one had been pending against defendant since October 4, 1963. No explanation for the filing of the second case was given.

The court made findings of fact to the following effect: That the second case was filed while the first one was still pending; that the first case was actively prosecuted by plaintiff after the filing of defendant's plea in abatement and answer in the second case; and that said conduct harrassed and vexed the defendant and was vexatious. Conclusions of law were then entered to the effect that the filing of the second case while the first case was pending, and the prosecution of the first case after defendant had filed his plea in abatement and answer in the second case constituted vexatious conduct on the part of plaintiff; that defendant was harrassed and vexed by such conduct; and that defendant was entitled to have plaintiff's case dismissed.

The plaintiff filed no objection to the above findings and conclusions. Plaintiff appealed.

Plaintiff contends the trial court erred in abating this action because at the time of the hearing upon defendant's plea in abatement the first case had been dismissed.

Under the strict common-law rule, pendency of a former action at the time a second action is brought is ground for abatement of the second action, even though the first action was terminated before the plea in abatement was filed in the second. 1 Am Jur 2d, Abatement, Survival, and Revival, § 11, page 49. The purpose of the rule was to prevent a defendant from being harrassed by the pendency against him of two actions by the same plaintiff based upon identical causes of action. Another reason was to prevent multiplicity of suits.

■ This rule has been gradually modified until it is now established in most jurisdictions that termination of the prior action even after the filing of a plea in abatement in the second cause may be sufficient to defeat a plea. See cases accumulated at 118 ALR, page 1480. However, if it appears that the second action was brought for the purpose of vexation rather than to seek legal rights, the plea should be sustained. *Wilson v. Milliken,* 103 Ky 165, 44 SW 660, 42 LRA 449, 82 Am St Rep 478 (1898); *Barrett v. Whitmore,* 28 Wyo 495, 207 P 71 (1922); *National Automobile Insurance Co. v. Winter,* 58 Cal App 2d 11, 136 P2d 22 (1943); *Stark v. Crowell,* 117 Vt 413, 94 A2d 585 (1953). A good statment of the rule is in *Wilson v. Milliken,* supra, which is as follows:

"* * * The more modern rule seems to be that the objection of a former suit pending is removed by its dismissal or discontinuance, even

after plea in abatement in the second suit. [citations] We think this is a more just and reasonable rule, and so hold to be the law; but we would not be understood as holding this to be inflexible, and to be applied in all cases. The reason of the rule, in the beginning, that a plea of former action pending would abate the second action, is just as good today as when the rule was adopted, i.e. that vexatious litigation would not be permitted; and if it appears that the second action was brought for the purposes of vexation, rather than to seek legal rights, the plea should be sustained. * * *"

A vexatious proceeding, as defined by Black's Law Dictionary, is as follows:

"When the party bringing proceeding is not acting *bona fide,* and merely wishes to annoy or embarrass his opponent, or when it is not calculated to lead to any practical result. * * *"

2. Whether the second action is brought with the intent to vex is a question of fact, *Stark v. Crowell,* supra:

"* * * * * * Hence it is that courts, in modern times, have somewhat modified the rule, and, instead of regarding the second suit as necessarily vexatious, have gone into the inquiry of whether, in fact, it was vexatious.' * * *"

The real issue here is whether the prosecution of the first case by plaintiff after the filing of the plea in abatement in the second case is some substantial evidence that plaintiff filed the second action with the intent to annoy or embarrass the defendant. The active opposition of plaintiff to the dismissal of the first case after plaintiff knew that defendant had been put to the expense of entering an appearance by way of an answer and a plea in abatement in the second

case was certainly evidence from which the trial court could have found that the second case was not filed for bona fide purposes but with the intent to annoy and embarrass defendant.

██ While this court, if it were the trier of these facts, might not have reached the same conclusion, it may not review the factual findings of the trial court in a law case where there was sufficient evidence to sustain them. In addition, the findings of fact were not objected to and are therefore conclusive. *Imperial Investment Co. v. Rouse,* 231 Or 7, 11, 371 P2d 962 (1962); *Scott v. Lawrence Warehouse Co.,* 227 Or 78, 100, 360 P2d 610 (1961).

The judgment of the trial court is affirmed.