Argued May 10, affirmed May 23, petition for
rehearing denied June 18, 1974

# LEXTON-ANCIRA, INCORPORATED, *Respondent*,
## *v.* KAY ET AL, *Appellants.*

### 522 P2d 875

*John M. Clough,* Portland, argued the cause for appellant David J. Kay. With him on the briefs was Richard C. Bartlett of Bartlett & Holm, Portland.

*Eugene M. Salute,* Encino, California, argued the cause for appellant John Soseman. With him on the brief were Salute and Allen, Encino, California.

*Richard M. Botteri* and *William M. McAllister,* Portland, argued the cause for respondent. With them on the brief were Davies, Biggs, Strayer, Stoel and Boley, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

TONGUE, J.

This is an action for forcible entry and detainer for possession of the Commonwealth Building in Portland for the failure of defendants to pay rent

and real estate taxes. Defendant Soseman is the lessee under a lease from plaintiff. Defendant Kay was the manager of the building for Soseman and guaranteed performance by Soseman of his obligations under the lease. The court entered judgment for plaintiff. Defendants appeal. We affirm.

Defendant Soseman assigns as error the denial of his motion to quash the service of the summons upon him in California on the following grounds: (1) the summons allowed only four days to prepare for trial and did "not indicate that the Defendant must answer or otherwise plead within that time," thus failing to give adequate or reasonable notice to validly base jurisdiction, and (2) the time allowed to him as a nonresident was so short as to be unreasonable and a deprivation of due process rights.

1. *The FED summons was sufficient to confer jurisdiction over defendant Soseman as a nonresident.*

The summons was served upon defendant Soseman in California on December 10, 1973, and stated that:

"* * * [Y]ou are hereby required to appear and answer the complaint filed against you in the above-entitled action on Friday, the 14th day of December, 1973, at 9:30 o'clock a.m. in the morning of said day, before Honorable Patrick J. Dooley, Presiding Judge of the above Court; and if you fail to answer, for want thereof the plaintiff will take judgment against you for the restitution of those certain premises described in plaintiff's complaint."

The Oregon FED statute (ORS 105.135) specifically provides that "the service shall be not less than two or more than four days before the day of trial appointed by the court" and has been so enforced by the Oregon courts for many years. In *Lindsey v. Nor-*

*met*, 405 US 56, 92 S Ct 862, 31 L Ed 2d 36 (1972), the United States Supreme Court held that these "early trial" provisions are not inappropriate as a means to provide a method for prompt as well as peaceful resolution of disputes over the right to possession of real property and that such provisions do not deny either due process of law or equal protection of law under the Constitution of the United States.

This is not the case of an indigent, incompetent, underprivileged or unrepresented tenant. On the contrary, tenants such as defendant Soseman under leases of buildings such as the Commonwealth Building "can be expected to know the terms of their lease, whether they have paid their rent, whether they are in possession of the premises, and whether they have received a proper notice to quit, if one is necessary," as stated in *Lindsey, supra* at 405 US 65.

■ Defendant Soseman next says that service of process was obtained upon him under provisions of the general Oregon statute on service of process outside the state (ORS 15.110 (2) and (3)), which provides that such defendants shall have four weeks to appear and answer. Defendant Soseman contends that because these provisions of that statute were enacted after the Oregon FED statute (ORS 105.135) they are controlling in determining the rights of nonresident defendants under the Oregon FED statute.

ORS 105.130 provides that "Except as provided in ORS 105.135 to 105.160 [including the provisions for short notice, as set forth in ORS 105.135], an action pursuant to ORS 105.110 [an FED proceeding] shall be conducted in all respects as other actions in courts of this state." An FED proceeding is a special statu-

tory proceeding of a summary nature designed to secure the speedy restitution of premises forcibly or unlawfully detained. See *Schroeder v. Woody,* 166 Or 93, 96, 109 P2d 597 (1941). As such, and because of the provisions of ORS 105.130, we hold that such proceedings, including proceedings against nonresident defendants, are not subject to provisions of the general statutes relating to service of process, whether adopted prior to or subsequent to the enactment of the Oregon FED statute. Cf. *Belfils v. Flint,* 15 Or 158, 159-160, 14 P 297 (1887). See also *Appleton et al v. Oregon Iron & Steel Co.,* 229 Or 81, 85, 358 P2d 260, 366 P2d 174 (1961).

Defendants also contend that as a nonresident defendant Soseman had a "constitutional due process right to be granted adequate time within which to appear and defend this complex action at trial," citing *Roller v. Holly,* 176 US 398, 409, 20 S Ct 410, 44 L Ed 520 (1900), among other cases.

We recognize that an elementary and fundamental requirement of due process in any proceeding is that the notice of such proceedings must afford reasonable time to a defendant to make his appearance. However, the United States Supreme Court held in *Mullane v. Central Hanover Bank & Trust Co.,* 339 US 306, 314-315, 70 S Ct 652, 94 L Ed 865 (1950), that:

"* * * [I]f with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied. 'The criterion is not the possibility of conceivable injury but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.' * * *"

Although involving resident, rather than non-

resident, defendants, the United States Supreme Court also held in *Lindsey v. Normet, supra* at 64, 72, and 73:

"We are unable to conclude that * * * the early-trial provision * * * is invalid on its face under the Due Process Clause of the Fourteenth Amendment.

"* * * * *

"* * * The objective of achieving rapid and peaceful settlement of possessory disputes between landlord and tenant has ample historical explanation and support. It is not beyond the State's power to implement that purpose by enacting special provisions applicable only to possessory disputes between landlord and tenant.

"* * * We think Oregon was well within its constitutional powers in providing for rapid and peaceful settlement of these disputes."

It has also been held by the United States Supreme Court that a nonresident owner of property in a state is presumed to know the statutory procedures of the state for dealing with disputes concerning his property. See *Ballard v. Hunter,* 204 US 241, 254-255, 262, 27 S Ct 261, 51 L Ed 461 (1907), and *Huling v. Kaw Valley Railway,* 130 US 559, 563-565, 9 S Ct 603, 32 L Ed 1045 (1889). See also *Mullane v. Central Hanover Bank & Trust Co., supra* at 316.

It may be that under some facts and circumstances service of process requiring appearance within two to four days would be insufficient to satisfy constitutional requirements of due process for either resident or nonresident defendants. See *Roller v. Holly, supra,* cited by defendants. See also *Aguchak v. Montgomery Ward Co., Inc.,* 520 P2d 1352, 42 USLW 2555 (Alaska 1974). We believe, however, that this is not such a case.

■ As previously stated, this is not the case of

an indigent, incompetent, underprivileged or unrepresented tenant. In this case, and as required by ORS 105.120 and ORS 91.110, written notice was personally delivered to defendant Soseman on November 2, 1973, that he was in breach of the lease for failure to pay the October 1973 rent (over $38,000) and the 1972-73 real estate taxes (over $110,000), among other things, and that unless such breaches were cured within 30 days a demand would be made for immediate possession at that time. Defendant Kay was then the resident manager in Oregon for defendant Soseman.

The summons was served personally on defendant Soseman on December 10, 1973. Although, according to the summons, the trial was to be held on December 14, 1973, it was then postponed until December 17, 1973. At that time an appearance was made for defendant Soseman by an attorney who stated that defendant Soseman was not in Oregon and that he was not prepared for trial. However, no testimony was submitted to establish those facts or to show that it was not reasonably possible for defendant Soseman to be in Portland and to be prepared for trial or that he would be prejudiced by a trial on that date.

■ ■ The United States Supreme Court held in *Lindsey v. Normet, supra,* that due process under the Oregon FED statute requires that " 'there be an opportunity to present every available defense.' " 405 US at 66, (quoting *American Surety Co. v. Baldwin,* 287 US 156, 168, 53 S Ct 98, 77 L Ed 231 (1932)). Defendant Soseman was not denied that opportunity in this case.[1]

---

[1] Defendant Soseman also contends that the trial court erred in denying a continuance and in "forcing" him to make a general appearance when he attempted to make a special appearance.

## 2. *The trial court did not err in entering judgment against defendant Kay and his plea in abatement was not well taken.*

■ Defendant Kay contends that the trial court erred in entering judgment against him on the ground that there was a "failure of proof regarding non-payment of rent."

The contention by defendant Kay is that under the terms of a stipulation in another pending case, involving the foreclosure of a mortgage on the building, it was provided that

> "* * * [A]ll rents and funds due from tenants of the Commonwealth Building to the Landlord as of October 31, 1973 or thereafter will be paid by David J. Kay * * * into a special account to be known as the 'David J. Kay Trust Account' * * * and * * *
>
> "* * * * *
>
> "* * * that no funds shall be disbursed from said trust account without the consent of the parties to this stipulation. In the event the parties to this stipulation cannot agree as to a disbursement, any party may apply to this court for an appropriate order."

---

ORS 105.140 provides that a continuance may be granted in an FED proceeding upon the giving by the defendant of an undertaking for payment of rent, to be approved by the court. No such undertaking was tendered by defendant Soseman. In any event, the granting or denial of a continuance is ordinarily within the discretion of the trial court and no abuse of such discretion was shown in this case.

As for "forcing" defendant to make a general appearance, it appears that by reason of ORS 16.150 defendant was not required to waive his previous special appearance by making a general appearance and that his attorney chose to make a general appearance rather than to have a default judgment entered against defendant Soseman.

It is contended by defendant Kay that this stipulation, by its terms, "necessarily includes any delinquent rent owed to plaintiff by defendant Soseman under the terms of the lease." The trial court did not so interpret the stipulation and neither does this court.

The plain intent and purpose of the stipulation was to protect and preserve the funds resulting from payments made by the many tenants of this large office building to defendant Kay, who was the manager of the building for defendant Soseman. Defendant Kay did not offer any evidence in support of his contention that this was not the intended meaning and purpose of the stipulation. The stipulation was signed on behalf of plaintiff and defendant Kay, but not by defendant Soseman.

According to the terms of the lease, defendant Soseman was the named lessee and, as such, had the obligation to pay the rent. Defendant Kay was the guarantor of such payments. Although the answer of defendant Soseman also pleaded this stipulation as a defense, no contention is made by him in his brief on this appeal that by reason of this stipulation he was relieved of his obligation to make such payments; that he paid either the rent for October 1973 or the 1972-73 real estate taxes, as required by the lease; that those payments were made by anyone else on his behalf; or that there was a failure to prove that such payments had not been made. On the other hand, plaintiff offered evidence to show that such payments had not been made.

Moreover, the delinquencies providing the principal grounds for these proceedings were the failure of defendant Soseman to pay the rent for October 1973,

which was due on October 1, 1973, and the real estate taxes for the year 1972-73. The stipulation was limited to "rents and funds from tenants * * * as of October 31, 1973 or thereafter * * *." Finally, no evidence was offered by defendant Kay that any rental payments from tenants were paid by him into the trust account.

Under these facts there was no failure of proof regarding the nonpayment of the rent for October 1973 or the 1972-73 taxes and, on the contrary, there was substantial evidence to support the findings and decision by the trial court that the obligation to pay such rent and taxes had not been met by either defendant Soseman or defendant Kay and that plaintiff was entitled to the immediate possession of the building.

Defendant Kay also contends that the trial court erred "in refusing to allow Defendant Kay's Plea in Abatement," which was to the effect that there was another action pending in the District Court of the United States "in which the parties were exactly the same as in the present action, and for the same cause of action as alleged in the present action."

The complaint in that third action, entitled *Lexton-Ancira, Inc. v Soseman and Kay,* prayed for entry of a judgment against defendant Soseman for all amounts due for unpaid rent and for "all other relief Landlord may be entitled to from Tenant necessary to compensate Landlord for the detriment proximately caused by Tenant's failure to perform his obligations under the lease." Against defendant Kay, however, the complaint prayed only for judgment for the amount of payments previously made to Kay to

be expended by him for remodeling work on the building.

■ Again, although the answer of defendant Soseman also alleged the same plea in abatement, he has not assigned as error on this appeal the denial by the trial court of that plea in abatement by him. As for defendant Kay, it appears to be clear that the issues are not the same and the relief sought is not the same between plaintiff and defendant Kay in the federal action. It follows that it cannot provide a proper basis for a plea in abatement by defendant Kay in this action. *Mursener v. Forte et al,* 186 Or 253, 274, 205 P2d 568 (1949). See also *Ukase Inv. Co. v. Smith,* 92 Or 337, 345, 181 P.7 (1919).

Defendant Kay also contends that "the Plea in Abatement was intended to operate as a Plea in Bar to defeat the FED action in favor of the federal court action when full consideration would be given to all issues" and that the FED action was brought as a "retaliatory eviction" and "for the sole purpose of vexation to frustrate by collaterally estopping Defendant Kay from asserting his defenses to the federal court action and the other state court action." Defendant Kay contends at some length that for these and other reasons his constitutional rights were violated.

■ The existence of another pending lawsuit may abate an action, but it will not bar an action. See *Winters et al v. Grimes et al,* 124 Or 214, 218-219, 264 P 359 (1928). Insofar as the constitutional complaints of defendant Kay are concerned, we understand the effect of the decision by the United States Supreme Court in *Lindsey v. Normet, supra* at 405

US 65, 69-70, to be that the Oregon FED statute is not unconstitutional in prohibiting such defenses in FED proceedings, even under facts far more favorable to the rights of tenants than those involved in this case, in the absence of a showing of some special circumstances. Upon examination of the record in this case we find that no substantial evidence was offered that this action was filed as a "retaliatory eviction" or for the "purpose of vexation" or for any other improper purpose.[2] Cf. *Wolfe Investments, Inc. v. Shroyer,* 240 Or 549, 553, 402 P2d 516 (1965).

Finding no error, the judgment of the trial court is affirmed.

---

[2] Defendant Kay also assigns as error the denial of his motion for a continuance and the denial of his contention that the stipulation for payment of the rentals by tenants into a trust fund should be accepted in lieu of an appeal bond.

For the same reasons as stated with reference to defendant Soseman, there was no error in denying the motion for a continuance. The stipulation clearly did not satisfy requirements for either a bond for the purpose of a continuance of the FED proceedings, as required by ORS 105.140, or for an appeal bond, as required by ORS 19.040.