Argued and submitted March 4, affirmed May 20, 1980

## SOUTH STATE INVESTMENT COMPANY,
*Petitioner,*

*v.*

## BRIGUM,
*Respondent.*

## (NO. 179143, CA 14553, SC 26698)

611 P2d 305

Donald H. Joyce, Portland, argued the cause and filed the brief for petitioner.

Dana R. Taylor, Portland, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Tongue, Howell, Lent and Peterson, Justices.

TONGUE, J.

## TONGUE, J.

Plaintiff initiated an FED action in the District Court of Multnomah County on May 4, 1978, to recover possession of an apartment leased to defendant. (ORS 105.105 et seq). Plaintiff also prayed for costs and disbursements as provided in ORS 105.145.

The sheriff attempted to personally serve defendant at the apartment on May 5, 1978. Upon finding that defendant was not at home, the sheriff posted copies of the summons and complaint to the main entrance of the dwelling unit in accordance with ORS 105.135(2). The summons stated that defendant was "required to appear and answer the complaint filed against [her] in the above entitled action on the 12 day of May, 1978 * * *." On May 8, 1978, the clerk of the court mailed a copy of the summons and complaint to defendant by certified mail as also required by ORS 105.135(2).

Defendant failed to appear on May 12, 1978. The trial court then entered its Default Order and Judgment of Restitution awarding plaintiff possession of the premises plus $28.25 for costs and disbursements. On April 4, 1979, nearly one year later, defendant moved to set aside the judgment for costs and disbursements "on the grounds that the court lacked *in personam* jurisdiction to enter said judgment in that plaintiff never made personal service on defendant." The trial court denied defendant's motion. Defendant then appealed from that order.[1]

As noted by the Court of Appeals, defendant then raised two issues on its appeal to that court: (1) "[T]hat only four days had elapsed between substituted service of the summons and the day appointed for trial, whereas ORS 105.135(4) requires

---

[1] Defendant also moved to quash the judgment for restitution, also on the ground that "the court lacked jurisdiction to enter said judgment," but did not appeal from the order denying that motion. Thus, on this appeal defendant does not challenge the *in rem* jurisdiction of the trial court.

that such service precede the trial date by 'not less than seven nor more than 10 days.' * * *" and (2) "that the court could not constitutionally obtain personal jurisdiction over defendant through substituted service of summons under ORS 105.135(2)." 43 Or App 273, 276, 602 P2d 1084 (1979).

The Court of Appeals did not find it necessary to discuss or decide the constitutional issue because of its determination that ORS 105.135(2) established two requirements for substituted service in an FED action in which personal service could not be made upon the defendant: (1) Posting a copy of the summons and complaint to the main entrance of the dwelling unit, and (2) mailing a copy of the summons and complaint to the defendant. The Court of Appeals further held that both requirements must be completed within the time frame prescribed in ORS 105.135(4); that since that was not accomplished in this case the trial court did not have personal jurisdiction over defendant, and that, therefore, the judgment against defendant for costs and disbursements was void.

At the time this action was filed, ORS 105.130 and 105.135 set out the requirements for the preparation and service of summons in FED actions as follows:

ORS 105.130(2) provided:

"Upon filing a complaint in the case of a dwelling unit to which ORS 91.700 to 91.895 apply, the clerk *shall:*

"* * * * *

"(b) With the assistance of the plaintiff or his agent, *complete the applicable summons* and forward the summons, with sufficient copies, and a true copy of the complaint for service by a person authorized to serve summons under ORS 15.060." (Emphasis added)

ORS 105.135 provided:

"(1) Except as provided in subsection (2) of this section, the summons shall be served and returned as in other actions.

"(2) The sheriff, in his attempt to serve the summons under paragraph (b) of subsection (2) of ORS 105.130, shall make one service attempt. If during the service attempt the sheriff is unable to find the defendant, the sheriff shall attach the summons in a secure manner to the main entrance of the dwelling unit. The sheriff shall indicate by his return that he has posted the dwelling unit. Upon receipt of the return by the sheriff indicating the posting, the clerk shall mail a true copy of the summons by certified mail, return receipt requested, restricted delivery to the defendant at the dwelling unit.

"(3) If the service is made in accordance with subsection (1) of this section, the service shall be not less than three nor more than seven days before the day of trial appointed by the court.

"(4) If the service is made in accordance with subsection (2) of this section, the service shall be not less than seven nor more than 10 days before the day of trial appointed by the court."[2]

The Court of Appeals reasoned that: (1) An FED proceeding is a special proceeding that is not subject to the general statutory provisions relating to service of process (citing *Lexton-Ancira, Inc. v. Kay,* 269 Or 1, 5-6, 522 P2d 875 (1974)); (2) This court has consistently held that where a statute outlines procedures for substituted service, strict compliance with that statute is required (citing *Heatherly v. Hadley,* 4 Or 1, 14 (1869); *Lauderback et al v. Multnomah County,* 111 Or 681, 693, 226 P 697 (1924), and *Bay Plaza Management v. Estep,* 269 Or 275, 280, 525 P2d 56

---

[2] The 1979 legislature amended ORS 105.135 after the initiation of this action. (*See* 1979 Or Laws c 854, § 2). Subsections (3) and (4) now provide as follows:

"(3) If the service is made in accordance with subsection (1) of this section, the service shall be not less than three nor more than seven days before *the court appearance date contained in the summons.*

"(4) If the service is made in accordance with subsection (2) of this section, the service shall be not less than seven nor more than 10 days before *the court appearance date contained in the summons."* (Emphasis added)

(1974)); (3) It follows that where one subsection of a statute outlines the requirements for substituted service to include both posting and mailing of the summons (ORS 105.135(2)), and another subsection of the same statute requires that such "service" be made within a specified time frame (ORS 105.135(4)), both the posting and the mailing must be completed within that period in order to comply with the statutory mode for service of summons.

Indeed, were we to hold that only the posting need be completed within the time frame required by ORS 105.135(4), as urged by plaintiff, a copy of the summons could be mailed to a defendant at any time, often too late to provide any effective notice of the impending action.[3]

We accepted review of this case because of our concern whether the opinion of the Court of Appeals, although well reasoned, could have the effect of placing unwarranted hardship on plaintiffs in FED actions by making it unduly difficult for them to secure service of summons on defendants in such actions.

Although this case deals with the provisions for substituted service (subsections (2) and (4)), it is important to note that at the time the summons is prepared by the clerk in such a case, neither plaintiff nor the clerk of the court may know whether the defendant will be found at home when the summons is served. Subsection (3) required that in the event that personal service is made such service must be made "not less than three nor more than seven days before the day of trial appointed by the court." On the other hand, subsection (4) required that in the event that personal service is not made, substituted service by posting and mailing must be made "not less

---

[3] Oregon's new Rules of Civil Procedure specifically provide that in cases of substitute service "for the purpose of computing any period of time prescribed or allowed by these rules, substitute service would be completed upon such mailing." ORCP 7D(2)(b).

than seven nor more than 10 days before the day of trial appointed by the court."

It follows that a possible hardship could result to the plaintiff in such a case if the sheriff, armed only with a summons for personal service requiring an appearance in "not less than three nor more than seven days," is unable to make personal service, leaving him with the only alternative of posting that summons on the door of the dwelling and then making a return to the clerk of that fact, leaving it to the clerk to then mail a copy of the summons to the defendant. This circumstance exists because in order for a single summons to be acceptable for both personal and substituted service, the sheriff must attempt to serve it on the seventh day prior to "the day of trial appointed by the court." This is because he cannot personally serve the summons after that date (per subsection (3)), and also cannot post the summons before that date (per subsection (4)). Also, if the clerk is unable to mail a copy of the summons on the same day it is posted, the substituted service by posting and mailing would not satisfy the requirements of ORS 105.135(4). It would then be necessary to issue a new summons[4] with a new trial date that is more than seven days in the future in order to provide the clerk with the additional time needed to mail a copy to the defendant. The sheriff would then return to the dwelling unit to post the new summons. If, however, defendant was then at home, the sheriff could not post the summons; nor could he personally serve it since the trial date would then be more than seven days in advance, and ORS 105.135(3) prohibits personal service beyond seven days.

As previously indicated, we were concerned that these circumstances could place unwarranted hardship on plaintiffs by creating undue delays in the prosecution of FED actions. Our concern was

---

[4] Note that ORS 105.135(2) states that the clerk shall mail a true copy of the summons by certified mail "*[u]pon receipt of the return by the sheriff indicating the posting * * *.*"

further aroused by the fact that FED proceedings are designed for the purpose of providing "speedy restitution of premises forcibly or unlawfully detained." *Lexton-Ancira, Inc. v. Kay,* 269 Or 1, 6, 522 P2d 875 (1974).

Our investigation of the legislative history of ORS 105.135, including its most recent revision (1979 Or Laws c 854, § 2), reveals that in some, if not most counties of this state, the sheriffs themselves enter the date of trial on the summons.[5] Such a procedure would allow the sheriff, upon being unable to find the defendant at the "dwelling unit," to fill in the summons with a date for appearance that would accommodate any necessary delays between the posting of the summons and mailing of copies of the summons and complaint. Such a procedure would satisfy the requirement of ORS 105.135(4) to the effect that such service shall not be less than seven nor more than ten days before the "day of trial appointed by the court." We also note that subsections (3) and (4) of ORS 105.135 were amended by the 1979 legislature to delete the words "day of trial appointed by the court" and to substitute the words "appearance date contained in the summons." It may be suggested that this amendment further removes any possible obstacle to a procedure under which the sheriff completes the appearance date on the summons upon being unable to find the defendant at the "dwelling unit."

---

[5] In 1977 the legislature considered amending ORS 105.135(3) to provide that personal service be made not less than three nor more than *ten* days prior to the trial date (See SB 854). Proponents of this change explained the need for a greater "cross over" period so that the officer could either post or serve the same summons. After noting that in most jurisdictions, including *Multnomah County* (the situs of this case), "it is the process server [*i.e.,* the sheriff] in many cases who actually writes the date in himself once he's made contact with the person," the Senate Committee on the Judiciary refused to change the statute as requested. Rather, they adopted an amendment requiring the sheriff to immediately post the summons in those cases where the defendant is not at home: "The sheriff * * * *shall make one service attempt. If during the service attempt the sheriff* is unable to find the defendant, the sheriff shall attach the summons * * *." (1977 Or Laws c 327, § 1). *See* Minutes, Senate Committee on the Judiciary, March 16, 1977, p. 3; March 23, 1977, p. 4; June 3, 1977, pp. 10-12.

■    The difficulty with such a procedure, however, is that although it may facilitate the service of summons in FED cases, we can find no authority by which either the court or the clerk of the court can delegate such a function. Indeed, ORS 105.130(2) provided that "the *clerk shall* * * * with the assistance of the plaintiff or his agent *complete* the applicable summons * * * for service by a person authorized to serve summons under ORS 15.060."

It may be that because the summons in such a case need no longer state the "day of trial appointed by the court," but only that it state "the appearance date contained in the summons," a plaintiff in an FED case who is uncertain whether or not personal service can be made upon the defendant at the "dwelling" may have the clerk prepare two summons: (1) One for use in the event that such personal service can be made, and (2) an alternate summons for use in the event that such personal service cannot be made and which will then be posted and mailed not less than seven days nor more than ten days before the "appearance date contained in the summons," as required by ORS 105.135(4). In preparing the alternate summons for posting, the clerk can then provide for an additional one to three days following posting within which to mail a copy of the summons to the defendant.

It may be that such a procedure would not solve all the problems arising under ORS 105.135. In our view, however, any such remaining problems are best addressed to the legislature for correction, rather than by an attempt by this court to correct any such problems by "judicial construction," which may or may not have a proper basis in either the provisions of the statute or its legislative history.

■    Under the facts of this case, however, we concur with the Court of Appeals in its conclusion that the summons in this case was not served within the time period prescribed by ORS 105.135(4) for the reason that the clerk mailed a copy of the sum-

mons to the defendant only four days prior to the day of trial, rather than seven days, as required by the statute. It follows that the trial court did not obtain personal jurisdiction of the defendant and that, as a result, the judgment of that court for costs and disbursements must be vacated.

The decision of the Court of Appeals is affirmed.