Argued and submitted May 20, 1987, reversed May 18, on court's own motion, that opinion replaced and appeal dismissed July 21, 1988

**BARNES,**
*Respondent,*

*v.*

**LANG,**
*Appellant.*

(86-350 LW; CA A41894)

754 P2d 620

Leslie Smith, Klamath Falls, argued the cause for appellant. On the brief was Jan Perkins, Oregon Legal Services Corporation, Klamath Falls.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant seller appeals a judgment granting plaintiff buyer possession of real property under the forcible entry and wrongful detainer (FED) statute. ORS 105.105 *et seq.* Because the default judgment was entered against him for want of an answer, we dismiss the appeal. ORS 19.020.

The parties entered into an agreement for the sale of real property for $7,500. In addition to $7,000 in cash, plaintiff was to deliver to defendant a certain Browning .270 semiautomatic rifle, for which she would receive a $500 credit. Closing and delivery of possession were to be no later than February 20, 1986. On February 18, defendant executed a bargain and sale deed to the property, which remained in escrow until the actual closing on March 13, 1986. Plaintiff delivered the cash and rifle at closing. However, defendant remained on the property, contending that he did not receive full consideration from plaintiff, because the rifle was not worth $500.

Plaintiff filed the FED action to gain possession of the property. Defendant moved to dismiss the action on the grounds that plaintiff did not serve notice to terminate on defendant and that the necessary landlord-tenant relationship did not exist between the parties. The trial court denied defendant's motion, ordered him to file an answer and set a trial date. Defendant did not file an answer, and the court entered a default judgment in favor of plaintiff.

The right to appellate review is established by ORS 19.020, which provides, in relevant part, that "[a]ny party to a judgment or decree, *other than a judgment or decree given * * * for want of an answer,* may appeal therefrom." (Emphasis supplied.) Because the default judgment was entered for want of an answer, we have no jurisdiction to hear defendant's appeal, unless the relief was not in accordance with the relief demanded in the complaint, ORS 19.020, or the trial court did not have jurisdiction to enter the judgment. *Henry and Henry,* 301 Or 185, 721 P2d 430 (1986); *see also Rajneesh Foundation v. McGreer,* 303 Or 139, 734 P2d 871, *on rehearing* 303 Or 371, 737 P2d 593 (1987).

The relief granted was in accordance with the relief demanded in the complaint. Defendant argues that FED relief

was not available, because there was no landlord-tenant relationship between the parties and plaintiff failed to serve notice to terminate prior to bringing the action. Those are matters of defense, not jurisdiction. The judgment was entered by a district court, which has jurisdiction to hear FED cases. ORS 105.110. Because the court had jurisdiction in this case and entered a default judgment for want of an answer, defendant has no right to appeal.

Appeal dismissed.