Argued and submitted January 19, affirmed September 29, 1999,
petition for review denied March 21, 2000 (330 Or 138)

# Lester NICE,
*Respondent,*

*v.*

# Lloyd KERNER,
*Appellant.*

## (CV97-0097-34; CA A100216)

986 P2d 1248

Paul B. Heatherman argued the cause for appellant. With him on the brief was Ray A. Babb & Associates.

James A. Marshall argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

PER CURIAM

---

* Kistler, J., *vice* Warren, P. J., retired.

## PER CURIAM

Tenant appeals from the trial court's judgment giving landlord possession in this Forcible Entry and Wrongful Detainer (FED) action. Landlord served three defective notices to quit on tenant before filing this action. After landlord filed the action, he served a valid fourth notice on tenant. On appeal, tenant's arguments reduce to two propositions. He claims that the trial court lacked jurisdiction to amend the complaint to include the fourth notice. He also argues that even if the court had jurisdiction, it erred in allowing the amendment. We affirm.

We held in *Barnes v. Lang*, 91 Or App 272, 275, 754 P2d 620 (1988), that the landlord's "fail[ure] to serve notice to terminate prior to bringing the [FED] action" was a "matte[r] of defense, not jurisdiction." It follows that the trial court had jurisdiction in this case to rule on landlord's motion to amend the complaint. Nor did the court err in allowing the motion to amend. Even if landlord failed to confer with tenant before filing the motion, as the Uniform Trial Court Rules require, the trial court declined to rule on landlord's motion to amend before trial but advised tenant that he could object to the introduction of evidence of the fourth notice. Tenant did not do so. At the close of the evidence, the trial court properly allowed landlord's motion to amend the pleadings to conform to the evidence. ORCP 23 B.

Affirmed.