Argued and submitted March 8, reversed and remanded October 13, 2004

Larry TOMPTE
and Anna Tompte,
*Appellants,*

*v.*

Randy STONE,
*Respondent.*

01F 015-957; A117873

98 P3d 1171

Frank Wall argued the cause and filed the briefs for appellants.

Amy N. Barnhouse argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiffs appeal a judgment in favor of defendant denying their claim for damages under the Oregon Residential Landlord and Tenant Act. ORS 90.100 - 90.875. Plaintiffs assert that the trial court erred in finding that defendant's abandoned property notice substantially complied with the requirements of ORS 90.425. We review for errors of law and reverse.

Defendant, who was plaintiffs' landlord, filed a forcible entry and wrongful detainer action in accordance with ORS 105.110 to 105.165 and obtained a judgment of restitution evicting plaintiffs from the premises and returning possession to defendant. After plaintiffs had been evicted, they still had personal property inside the home. On August 24, 2001, defendant mailed an abandoned property notice to plaintiffs as required by ORS 90.425. However, the notice gave plaintiffs only until August 31, 2001, seven days from the date of mailing as opposed to the eight days required by statute, to contact defendant in order to reclaim their property. Defendant subsequently disposed of plaintiffs' property after they had failed to remove it from the premises.

Plaintiffs originally filed a claim for the recovery of personal property, ORS 105.112, but subsequently amended their complaint to include a claim for damages.[1] The trial court dismissed plaintiffs' complaint, holding that, because defendant's notice was in substantial compliance with the statutory requirements, plaintiffs were barred from recovering any damages resulting from the loss of property.

 Plaintiffs argue that, because defendant's notice did not comply with ORS 90.425, the notice was inadequate.

[1] Defendant asserts that, even if the trial court erred in holding that the notice substantially complied with the statute, the court was right for the wrong reason. The legal premise underlying defendant's argument is that a claim for recovery of property under ORS 105.112 and a claim for damages cannot be joined. *But see* ORS 105.112(2)(f) (providing that "[a] party may join an action for possession of personal property with an action for damages or a claim for other relief, but the proceeding is not governed by the provisions of ORS 105.105 to 105.168"). Here, defendant did not object to the amendment of plaintiff's complaint to add a claim for damages. Accordingly, we decline to address defendant's argument because it was not properly preserved.

Defendant argues that the doctrine of substantial compliance applies. Whether the doctrine of substantial compliance applies is a question of statutory interpretation. We begin by examining the language of the statute in context, and if necessary, legislative history and other aids to construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

ORS 90.425 provides, in part:

"(5) The notice required under subsection (3) of this section shall state that:

"* * * * *

"(b) The tenant or any lienholder or owner must contact the landlord by a specified date, as provided in subsection (6) of this section, to arrange for the removal of the abandoned personal property;

"* * * * *

"(6) For purposes of subsection (5) of this section, the specified date by which a tenant, lienholder or owner must contact a landlord to arrange for the disposition of abandoned personal property shall be:

"* * * * *

"(b) For all other abandoned personal property, not less than five days after personal delivery or *eight days after mailing of the notice.*

"* * * * *

"(16) *Complete compliance* in good faith with this section shall constitute a complete defense in any action brought by a tenant, lienholder or owner against a landlord for loss or damage to such personal property disposed of pursuant to this section."

(Emphasis added.)

■ Not only does the statute require that defendant give plaintiffs "eight days" to contact him "after the mailing of notice," but ORS 90.425(16) also requires "complete compliance" with the notice requirements. Substantial compliance is not complete compliance. We are "not to insert what has

been omitted or to omit what has been inserted" when construing statutes. ORS 174.010. The legislature knows how to provide for substantial compliance of a statutory requirement when it decides that such a doctrine is appropriate, but it did not so provide in ORS 90.425. *See, e.g.*, ORS 250.085(1) ("[t]he petition shall state the reasons that the title * * * does not *substantially comply*" (emphasis added)); ORS 279.029(6)(a)(A) (requiring bidders on public construction contracts to have *"[s]ubstantially complied* with all * * * procedures and requirements" (emphasis added)). We conclude that the unambiguous language of ORS 90.425 does not provide for substantial compliance.

Accordingly, we hold that the trial court erred in dismissing plaintiffs' claim for damages on the grounds that defendant substantially complied with ORS 90.425.

Reversed and remanded.