Argued and submitted March 3, affirmed September 29, 2010

## BALBOA APARTMENTS
### and Silverstrand Investments, LLC,
*Plaintiffs-Respondents,*

*v.*

## Lisa PATRICK, et al,
*Defendants-Appellants.*

Clackamas County Circuit Court
FE080910; A139660

241 P3d 317

Harry D. Ainsworth argued the cause and filed the brief for appellant Lisa Patrick.

Mark Passannante argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant appeals from a judgment for plaintiff in this action for forcible entry and detainer (FED) arising from a residential tenancy. Defendant asserts that the trial court erred in failing to dismiss the action on the ground that plaintiff did not timely serve a corrected summons and amended complaint, in accordance with ORS 105.135(3), by the end of the next judicial day following the payment of the filing fee for the original complaint. As explained below, we affirm.

The pertinent facts are procedural and largely undisputed. On May 27, 2008, plaintiff filed an FED complaint against defendant for nonpayment of residential rent. The requisite filing fee accompanied the filing of the complaint. *See* ORS 105.130(2)(a). A first appearance was scheduled for June 9, 2008, which was more than seven judicial days after the next judicial day after payment of the filing fee and filing of the complaint. *See* ORS 105.135(2). The original summons erroneously described defendant's residence as "#20," when, in fact, the correct address was #28. The erroneously addressed summons—and the complaint—were served by posting on the door of #20 on May 27 and by mailing from the court clerk on May 28.

On June 3, plaintiff filed a corrected summons and amended complaint. Those documents accurately indicated that the subject premises were #28. In all other respects, the amended complaint was identical to the original complaint. The corrected summons set a new first appearance date of June 16, 2008. The corrected summons and amended complaint were served by posting on the door of #28 on June 4, eight judicial days before the rescheduled first appearance date. Plaintiff did not pay a new filing fee with the filing of the amended complaint.

On June 16, the date scheduled for first appearance on the amended complaint, defendant filed an answer and defense asserting that the corrected summons and amended complaint were not served within one judicial day after the payment of filing fees as provided in ORS 105.135(3). The trial court rejected the defense and, after a hearing, entered the judgment for plaintiff from which defendant appeals.

ORS 105.130(2) provides:

"Upon filing a complaint in the case of a dwelling unit to which ORS chapter 90 applies, the clerk shall:

"(a)    Collect a filing fee of $13;

"(b)    Collect any other fee authorized by law or ordinance; and

"(c)    With the assistance of the plaintiff or an agent of the plaintiff, complete the applicable summons and provide to the plaintiff or an agent of the plaintiff sufficient copies of the summons and complaint for service."

ORS 105.135 provides, in part:

"(1)    Except as provided in this section, the summons shall be served and returned as in other actions.

"(2)    At the time the clerk collects the filing fee under ORS 105.130, the clerk shall enter the first appearance date on the summons. That date shall be seven days after the judicial day next following payment of filing fees unless no judge is available for first appearance at that time, in which case the clerk may extend the first appearance date for up to seven additional days. At the request of the plaintiff, the clerk may enter a date more than seven days after the judicial day next following payment of filing fees if a judge will be available.

"(3)    Notwithstanding ORCP 10, by the end of the judicial day next following the payment of filing fees:

"(a)    The clerk shall mail a true copy of the summons and complaint by first class mail to the defendant at the premises.

"(b)    The process server shall serve the defendant with a true copy of the summons and complaint at the premises by personal delivery to the defendant or, if the defendant is not available for service, by attaching a true copy of the summons and complaint in a secure manner to the main entrance to that portion of the premises of which the defendant has possession."

Defendant argues that a fatal violation of ORS 105.135(3)(b) occurred in this case when the corrected summons and amended complaint were served by posting on the premises more than one judicial day after the date when

plaintiff paid its filing fee.[1] Defendant relies on a venerable line of cases holding that the proceedings in an FED action are of purely statutory origin and that the procedural requirements of that statutory scheme must be strictly enforced. *See, e.g., Lexton-Ancira, Inc. v. Kay*, 269 Or 1, 5-6, 522 P2d 875 (1974) (holding, before adoption of the Oregon Rules of Civil Procedure, that an FED proceeding is a special proceeding that is not subject to the general statutory provisions relating to service of process); *Schroeder v. Woody*, 166 Or 93, 96, 109 P2d 597 (1941) (holding that an FED action is a special statutory proceeding, summary in its nature; it is in derogation of the common law and must be strictly construed). In *South State Inv. Co. v. Brigum*, 289 Or 109, 611 P2d 305 (1980), for example, the court held that the summons was not served within the time period prescribed by ORS 105.135(4), because the clerk mailed a copy of the summons to the defendant only four days before trial, rather than seven days, as required by the statute. It followed, the court concluded, that "the trial court did not obtain personal jurisdiction of the defendant[.]" *Id.* at 118.

Plaintiff replies that the correct measure of compliance with the service requirements of ORS 105.135(3) is the provision of due process to tenants. As plaintiff sees things, the real issue of consequence is whether defendant had sufficient time to prepare for and defend her position at the first appearance in the case. According to plaintiff, that requirement was satisfied here because defendant had more than the statutorily required seven days between service of the corrected summons and amended complaint and the date set for her first appearance. Stated differently, plaintiff asserts that its failure to literally comply with ORS 105.135(3) did not deprive defendant of her opportunity to defend the case and that the error was a technical one without prejudicial effect.

██ The parties frame the dispositive issue as being whether the legislature intended to permit substantial, as

---

[1] For the first time on appeal, defendant asserts that plaintiff and the court clerk also violated the statute by failing to mail the corrected summons and amended complaint to defendant at the subject premises. *See* ORS 105.135(3)(a). Because that argument was not preserved before the trial court, we do not consider it on appeal.

opposed to strict, compliance with the statutory requirement for timing of service of process. We have previously held in an FED action that the permissibility of substantial, as opposed to strict, compliance with a statutory requirement is an issue of legislative intent. *Tompte v. Stone*, 195 Or App 599, 602, 98 P3d 1171 (2004). The statute at issue in *Tompte*, ORS 90.425, provided that the landlord's notice to the tenant regarding abandoned property "shall state" that the tenant must contact the landlord to arrange for removal of personal property "not less than * * * eight days after mailing of the notice." 195 Or App at 602. Additionally, the statute provided that "[c]omplete compliance * * * shall constitute a complete defense * * * in any action brought by the tenant[.]" *Id.* (emphasis omitted). We identified two separate reasons for holding that the substantial compliance doctrine did not apply in that case. We observed that, "[n]ot only does the statute require that defendant give plaintiffs 'eight days' to contact him 'after the mailing of notice,' but ORS 90.425(16) also requires 'complete compliance' with the notice requirements." *Id.* at 602. We went on to state:

> "We are 'not to insert what has been omitted or to omit what has been inserted' when construing statutes. ORS 174.010. The legislature knows how to provide for substantial compliance of a statutory requirement when it decides that such a doctrine is appropriate, but it did not so provide in ORS 90.425."

*Id.* (citing ORS 250.085(1) and ORS 279.029(6)(a)(A) as examples of statutes in which the legislature provided for substantial compliance with certain statutory requirements). Here, unlike in *Tompte*, the pertinent statute does not specify strict compliance with its provisions. On the other hand, unlike statutes such as ORS 105.153 (providing that a judgment for restitution of premises in an FED action "must be in substantially" the prescribed form), ORS 105.135(3) does not state that substantial compliance will suffice.

That said, we do not discern the precise issue before us to be whether the legislature intended to permit substantial compliance with ORS 105.135(3). As defendant correctly observes, plaintiff undeniably did not comply with the statute. The real issue in contention is the consequence of the error in the timing of service. Stated differently, did the failure to serve the corrected summons and amended complaint

within one judicial day after payment of the filing fee require dismissal of the action as its consequence? That issue is one of legislative intent. Examination of the text and context is the first and primary step. *Tompte*, 195 Or App at 602. The court may then examine pertinent legislative history that a party may proffer, even though there is no ambiguity in the statutory text. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Last, if the legislature's intent remains unclear, the court may look to general maxims of statutory construction. *Id.* at 172.

The statute itself does not specify a consequence for an error in the timing of service of an amended complaint; however, several aspects of the statutory framework suggest that dismissal is not required. First, the legislature prescribed that the filing of an FED complaint must be accompanied by the requisite filing fee. ORS 105.130(2). Thus, the date of filing of the original complaint and the date of payment of the filing fee coincide. When the fee is paid—and not earlier—the clerk is required to enter the tenant's first appearance date in the summons under ORS 105.135(2). Although landlords have an obvious interest in requiring the earliest possible first appearance date in eviction cases, they must pay the filing fee before a first appearance date is set, and the legislature has prescribed a minimum period of eight judicial days after payment of the fee (and filing of the complaint) for the tenant's first appearance.

Next, the landlord can allow more than eight judicial days before a first appearance, but the tenant cannot unilaterally delay that date. ORS 105.135(2). The only other circumstance that can delay the first appearance date is the unavailability of a judge to hear the matter. *Id.* The eight-judicial-day time frame is brief, because the legislature has established a scheme for the expeditious resolution of eviction cases. In such a scheme, the timing of service of summons is critical. *See Lexton-Ancira, Inc.*, 269 Or at 6-7 (FED proceeding is special statutory proceeding of a summary nature designed to secure the speedy restitution of premises forcibly or unlawfully detained). To give the tenant an opportunity to prepare an adequate defense, service must occur at least seven judicial days before the first appearance date, both by mailing (ORS 105.135(3)(a)) and either personal service or posting of the summons and complaint at the

premises (ORS 105.135(3)(b)). In short, in most circumstances, the procedural blueprint affords landlords a first appearance date no later than eight judicial days after the filing of the complaint and payment of the filing fee, and it provides tenants with at least seven judicial days' notice before the first appearance date.

The key provisions of the current version of ORS 105.135 came into existence in 1985. Or Laws 1985, ch 588, § 14. Prior versions of the statute had counted the time for service of summons backward from the date of trial, allowing service between three to 10 days before the date of trial, depending on the method of service. *See, e.g.,* Or Laws 1975, ch 256, § 11 (not less than seven days or more than 10 days before the day of trial); Or Laws 1983, ch 303, § 6 (same). As discussed, the current version counts the service time from the date following payment of the filing fee. The legislative history confirms that the purpose of the 1985 amendments was to streamline the service process in order to save money and to establish a uniform period of seven days from the date of service to the first appearance. Testimony, House Committee on Judiciary, HB 2628, Apr 2, 1985, Ex E (statement of Michael Marcus). Nothing in that history suggests that the amendments would prohibit the correction of errors in the summons or would require or permit the payment of a new filing fee with the filing of an amended complaint and summons.[2] The emphasis was on providing sufficient notice to the tenant before trial.

---

[2] Michael Marcus provided this written statement describing the amendments:

"Under present law, a clerk issues the summons, a process server attempts to serve the defendant at the premises; if the defendant is not present, the process server posts the copy and returns another to the clerk for mailing to the defendant, after inserting an appearance date appropriate to mail and mail service under the present statute (7 to 10 days). If the defendant is present for personal delivery of summons and complaint, the process server inserts a date appropriate to personal service (3 to 7 days). If the clerk must mail the summons, present law requires certified mail. The changes would require seven days' notice in all cases, entry of the first appearance date by the clerk at the time the filing fees are paid, and mailing in all cases, but by first class mail which would save the court a substantial amount of money. The changes would also avoid the extra time for transporting the summons back to the clerk to be mailed (which typically adds a day) and would end the practice of not counting weekends in these periods because of ORCP 10."

Testimony, House Committee on Judiciary, HB 2628, Apr 2, 1985, Ex E (statement of Michael Marcus).

Viewed accordingly, it seems highly unlikely that the legislature would have intended for dismissal of an action in a circumstance such as this, where service of the corrected summons and amended complaint occurred eight judicial days before the first appearance date. If such were the case, as a practical matter, no defective summons could be corrected and no complaint could be amended in an FED action without the payment of a new filing fee, and the legislature has not required or authorized the payment of a new fee when a complaint is amended. Because payment of a filing fee is authorized under ORS 105.130(2) only upon the filing of an *original* complaint and amended complaints are rarely filed on the same date that a filing fee is paid for the original complaint, virtually any amendment of an FED complaint would result in an error under ORS 105.135(3) requiring dismissal of the action. That simply makes no sense.

We pause at this point to note that each of the cases on which defendant relies treated the presenting problems as *jurisdictional* defects that required dismissal of the action. For example, in *Schroeder*, the Supreme Court held that an FED action would not lie against a vendee in possession of real estate where, in order to recover the property, the vendor would be required to introduce proof of title and right to possession of the property, which would be inadmissible in an FED action. 166 Or at 96. Tellingly, the court said:

"As said in 22 Am. Jur., p. 934, section 35:

" 'Since the action of forcible entry and detainer is a special statutory proceeding, summary in its nature, and in derogation of the common law, it is a rule of universal application in such actions that the statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it, or the jurisdiction will fail to attach, and the proceeding be coram non judice and void. Even if the action is tried in a court of record, the latter does not proceed therein by virtue of its power as a court of general jurisdiction, but derives its authority wholly from the statute, and in such proceeding is, therefore, to be treated as a court of special and limited jurisdiction.' "

*Id*. Modernly, there is a single category of general jurisdiction trial court in the State of Oregon, the circuit courts, and those

courts have subject matter jurisdiction over FED actions, *see* ORS 105.110, as well as all other civil actions. Although it is true that title to property cannot be adjudicated in an FED action, *see Kerr v. Jones*, 193 Or App 682, 91 P3d 828 (2004), that is a limitation of statutory authority, not a limitation of the circuit court's subject matter jurisdiction. There is simply no basis to conclude that, in adjudicating an FED action, a circuit court lacks subject matter jurisdiction merely because the timing of service of process fails to satisfy a statutory provision.

In *South State Inv. Co.*, unlike in *Schroeder*, the court perceived the presenting problem to be a lack of personal jurisdiction. In that case, the sheriff posted copies of the summons and complaint on the main entrance of a dwelling unit seven days before the day of trial stated in the summons, but the court clerk mailed copies of the summons and complaint to the defendant by certified mail four days before the day of trial stated in the summons. The summons was not served within the statutorily prescribed period, which, for the applicable circumstance, was not less than seven nor more than 10 days before the day of trial. The defendant filed a motion to dismiss the action for lack of personal jurisdiction. The Supreme Court concluded:

> "Under the facts of this case * * * the summons in this case was not served within the time period prescribed by ORS 105.135(4) for the reason that the clerk mailed a copy of the summons to the defendant only four days prior to the day of trial, rather than seven days, as required by the statute. It follows that the trial court did not obtain personal jurisdiction of the defendant and that, as a result, the judgment of that court for costs and disbursements must be vacated."

289 Or at 117. Although the court did not expressly rely on its previous case law in reaching that conclusion, its decision was consonant with those decisions, including *Lexton-Ancira*, 269 Or at 5-6, where the court held that an FED proceeding is a special proceeding that is not subject to the general statutory provisions relating to service of process. *See South State Inv. Co.*, 289 Or at 113.

*South State Inv. Co.* notwithstanding, the subsequent adoption of the Oregon Rules of Civil Procedure changed the governing procedural landscape insofar as the acquisition of personal jurisdiction over defendants in FED actions is concerned. ORS 105.130(1) provides that, "[e]xcept as provided in this section and ORS 105.135, 105.137 and 105.140 to 105.161, an action pursuant to ORS 105.110 shall be conducted in all respects as other actions in courts of this state." ORS 105.135(1), in turn, provides that, "[e]xcept as provided in [ORS 105.135], the summons shall be served and returned as in other actions." ORS 105.135 does not address the acquisition of personal jurisdiction over defendants in FED actions. Accordingly, the Oregon Rules of Civil Procedure, which govern the acquisition of personal jurisdiction over defendants in civil actions "except where a different procedure is established by statute or rule," are applicable. ORCP 1 A; *cf. Hart v. Hill*, 230 Or App 612, 216 P3d 909 (2009) (because there is no specific provision of the FED statutes that concerns the entry of default orders and judgments, under ORS 105.130(1), the trial court's entry of such a judgment is governed by ORCP 69).

ORCP 4 provides, in part:

"**Personal jurisdiction**. A court of this state having jurisdiction of the subject matter has jurisdiction over a party served in an action pursuant to Rule 7 under any of the following circumstances:

"**A  Local presence or status**. In any action, whether arising within or without this state, against a defendant who when the action is commenced:

"A(1)  Is a natural person present within this state when served; or

"A(2)  Is a natural person domiciled within this state[.]"

Defendant has never asserted that she was not present or domiciled within Oregon when she was served with the amended summons and amended complaint in this case. Furthermore, defendant does not assert that she was not served

"pursuant to [ORCP] 7." Moreover, defendant does not contend that the *manner* of service in this case failed to comport with ORCP 7 D(1), which provides:

> "Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of true copies of the summons and the complaint upon defendant or an agent of defendant authorized to receive process; substituted service by leaving true copies of the summons and the complaint at a person's dwelling house or usual place of abode; office service by leaving true copies of the summons and the complaint with a person who is apparently in charge of an office; service by mail; or, service by publication."

Finally, defendant does not point to any other provision of ORCP 7 with which service of the amended summons and amended complaint failed to comply. Instead, as discussed, defendant flatly asserts that plaintiff's failure to *timely* serve the applicable documents under ORS 105.135(3) required dismissal of the action. But that error did not require dismissal of the action under ORCP 7 for lack of personal jurisdiction because that rule does not address the timing of service.[3] It follows that the trial court in this case

---

[3] Issues pertaining to the timing of service of summons usually arise where the defendant asserts a statute of limitations defense. ORS 12.020(1) provides that an action is generally not deemed commenced until the complaint has been filed and the defendant has been served with summons. ORS 12.020(2) provides:

> "If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

Subsection (2) of the statute illustrates the absence of a logical correlation between a defect in the timing of service and the acquisition of personal jurisdiction. That is, even if service of summons is untimely for purposes of relation back to the filing date of the complaint, the court ordinarily acquires personal jurisdiction over the defendant upon service of summons.

acquired personal jurisdiction over defendant when she was served with the amended summons and amended complaint in the manner prescribed by ORS 105.135.

In the absence of a cognizable jurisdictional defect, defendant presents no cogent argument that would require dismissal of this action on account of the error in the timing of service that occurred in this case, and we perceive none. ORCP 23 applies to FED actions. *See Nice v. Kerner,* 163 Or App 206, 986 P2d 1248 (1999), *rev den,* 330 Or 138 (2000) (holding that ORCP 23 B authorized the amendment of a complaint to conform to the evidence at trial in an FED action). ORCP 23 A permits a party to amend a pleading "once as a matter of course at any time before a responsive pleading is served[.]" Accordingly, plaintiff was entitled to file and serve the amended summons and complaint in this case without leave of court. In addition, ORCP 7 G addresses the consequences of errors in "the service of summons." Although that rule does not expressly refer to errors in the timing of service, its pragmatic prescription furnishes a persuasive contextual analogy to the situation at hand. The rule provides that, "[i]f service is made in any manner complying with subsection D(1) of this rule, the court shall also disregard any error in the service of summons that does not violate the due process rights of the party against whom summons was issued."

Defendant received more than the seven-day minimum notice required by ORS 105.135(2) and (3). Defendant does not assert that the service timing error violated her due process rights and, in the absence of such a violation or a defect of jurisdiction, we conclude that the legislature did not intend to prescribe the remedy of dismissal to redress the error. *Cf. Proctor and Proctor,* 203 Or App 499, 509, 125 P3d 801, *adh'd to as modified on recons,* 204 Or App 250, 129 P3d 186 (2005), *rev den,* 340 Or 672 (2006) (concluding that, although an amended notice of appeal was technically defective because it did not separately assert that a party was an adverse party to the appeal as required by ORS 19.250(1)(c), that defect was not jurisdictional, because that party received notice adequate to apprise him that an appeal was being taken from the supplemental judgment awarding him attorney fees).

Arguably, there is another way of looking at the error in this case. Under that view, the discussion would end with the observation that plaintiff failed to comply with the statute at issue and the assertion that, if we do not ascribe the consequence of dismissal to that failure, we have rendered a portion of the statute meaningless. *See, e.g., Bolt v. Influence, Inc.*, 333 Or 572, 581, 43 P3d 425 (2002) (courts should avoid a construction that renders a statutory provision meaningless). But we have not made ORS 105.135(3)(b) meaningless. The statute works precisely the way it was intended to operate in the vast majority of FED actions where no amended complaint is filed. The difficulty arises only in a narrow band of cases where an amended complaint—whose filing cannot occasion the payment of a separate fee—is filed and served after the date of payment of the filing fee for the original complaint. Because the legislature has not prescribed a remedy for a statutory violation in that circumstance, we have attempted to ascertain its probable intent. In doing so, we have neither abandoned settled principles of statutory construction nor, we trust, common sense.

Affirmed.