Filed: October 6, 2011

IN THE SUPREME COURT OF THE STATE OF OREGON

BALBOA APARTMENTS
and SILVERSTRAND INVESTMENTS, LLC,

Respondents on Review,

v.

LISA PATRICK, et al.,

Petitioners on Review.

(CC FE08-0910; CA A139660; SC S059058)

En Banc

On review from the Court of Appeals.*

Argued and submitted June 7, 2011.

Craig P. Colby, Portland, argued the cause and filed the brief for petitioner on review Lisa Patrick.

Mark G. Passannante of Broer & Passannante, P.S., Portland, argued the cause and filed the brief for respondents on review.

LANDAU, J.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.


*Appeal from Clackamas County Circuit Court, Eve Miller, Judge. 237 Or App 391, 241 P3d 317 (2010).

LANDAU, J.

ORS 105.135(3) requires a plaintiff in an action for forcible entry and detainer (FED) to serve the summons and complaint "by the end of the judicial day next following the payment of filing fees." The issue in this case is whether failure to serve a summons and *amended* complaint within one day of the payment of filing fees requires dismissal of the FED action. Both the trial court and the Court of Appeals concluded that such a failure did not require dismissal. We agree and affirm.

The relevant facts are few and undisputed. On May 27, 2008, plaintiff, Balboa Apartments, filed an FED complaint against defendant for nonpayment of residential rent. Plaintiff paid the requisite filing fee at the same time. ORS 105.130(2)(a). The clerk set the first appearance date for June 9, 2008. The summons and complaint, however, erroneously listed defendant's apartment as unit "#20," when, in fact, defendant occupied unit "#28." A process server attempted service on the wrong apartment, ultimately posting a copy of the summons and complaint on the door of unit #20. *See* ORS 105.135(3)(b) (permitting a process server who has attempted unsuccessfully to effect personal service to serve "by attaching a true copy of the summons and complaint in a secure manner to the main entrance" of the premises).

Plaintiff learned of the mistake and, on June 3, 2008, filed an amended complaint that listed the correct unit number. Plaintiff did not pay an additional filing fee, because none was required. The clerk reset the first appearance date for June 16, 2008. A process server posted the amended complaint and summons at defendant's apartment on June 4, 2008.

1

Defendant filed an answer and defense, alleging that, among other things, plaintiff failed to serve her within one day of payment of the filing fee, as required by ORS 105.135. Defendant requested dismissal of the action.

At the beginning of trial, defendant moved to dismiss the action for want of jurisdiction. She renewed her contention that plaintiff had failed to serve its amended complaint and summons within one day of the payment of the filing fee as required by ORS 105.135. According to defendant, because landlord-tenant law is "in derogation of the common law[,] * * * in order for jurisdiction to attach for the court, * * * the procedures must be meticulously followed."

The trial court denied defendant's motion, holding that "service of process pursuant to ORS 105.135 was sufficiently complied with and * * * any defect was not significant enough to cause the Court to dismiss plaintiff's complaint." Ultimately, the trial court determined that plaintiff was entitled to restitution of the property and entered judgment in plaintiff's favor, awarding plaintiff costs and attorney fees.

Defendant appealed, assigning error to the trial court's failure to dismiss the action due to lack of proper service. Defendant argued that, in an FED action, "[s]trict compliance with the procedural requirements of ORS 105.135 is a necessary prerequisite of the court obtaining jurisdiction over either the subject matter or the party." Plaintiff responded that, although service did not occur within 24 hours of the payment of the filing fee, substantial, rather than strict compliance, with the service of process procedure of ORS 105.135 was sufficient, because the goal of those procedures -- adequate notice to allow a defendant to respond to an FED action -- was served in this case.

2

The Court of Appeals affirmed. *Balboa Apartments v. Patrick*, 237 Or App 391, 404, 241 P3d 317 (2010). The court explained that, although the parties framed their contentions in terms of whether "the legislature intended to permit substantial, as opposed to strict, compliance with the statutory requirement for timing of service of process," it was undeniable that plaintiff did not comply with the one-day service requirement of ORS 105.135. *Id.* at 395-96. Thus, the court concluded, "[t]he real issue in contention is the consequence of the error in the timing of service." *Id.* at 396.

Examining the text, context, and legislative history of ORS 105.135, the court concluded that "it seems highly unlikely that the legislature would have intended for dismissal of an action in a circumstance such as this, when service of the correct summons and amended complaint occurred eight judicial days before the first appearance date." *Id.* at 399. The court noted that, if the law were otherwise, "as a practical matter, no defective summons could be corrected and no complaint could be amended in an FED action without the payment of a new filing fee," for which the legislature made no provision in the statute. *Id.*

Defendant petitioned for review, and this court accepted review to determine whether the Court of Appeals accurately interpreted ORS 105.135.

Defendant argues that, under *Schroeder v. Woody*, 166 Or 93, 96, 109 P2d 597 (1941), and *South State Inv. Co. v. Brigum*, 289 Or 109, 113, 611 P2d 305 (1980), the FED statutes must be strictly complied with, and, as a result, plaintiff's failure to serve her within one judicial day of the payment of the filing fee deprived the trial court of jurisdiction.

3

Plaintiff responds that the cases on which defendant relies are distinguishable and that, when an FED complaint has been amended, the deadline for service of the initial complaint becomes irrelevant. In that circumstance, it argues, the only relevant deadline is the requirement that a defendant be given adequate notice of the first appearance date, so that the defendant may prepare for the hearing. In this case, plaintiff contends, it is undisputed that defendant was given more notice than the statute requires.

Defendant rejoins that there is no provision in the statute for amending a complaint initiating an FED action and that plaintiff's sole recourse upon discovering the error in the complaint was to dismiss the action, file a new complaint, pay a new filing fee, and comply with the one-day service requirement.

The issue is thus one of statutory construction. In addressing it, we examine the text of the statute in context and, where appropriate, legislative history and pertinent canons of statutory construction. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009).

The requirements of initiating an FED action are set out in ORS chapter 105. ORS 105.130 (2010)[1] first requires the payment of a filing fee upon the filing of a complaint:

"2. Upon filing a complaint in the case of a dwelling unit to

_____

[1] The legislature recently amended ORS 105.130 to increase the filing fee. HB 2710 (2011). That change is irrelevant to our analysis.

which ORS chapter 90 applies, the clerk shall:

"(a)    Collect a filing fee of $13;

"(b)    Collect any other fee authorized by law or ordinance; and

"(c)    With the assistance of the plaintiff or an agent of the plaintiff, complete the applicable summons and provide to the plaintiff or an agent of the plaintiff sufficient copies of the summons and complaint for service."

ORS 105.135 then spells out the following requirements that are to follow the filing of the complaint and the payment of the filing fee:

"(1)    Except as provided in this section, the summons shall be served and returned as in other actions.

"(2)    At the time the clerk collects the filing fee under ORS 105.130, the clerk shall enter the first appearance date on the summons. That date shall be seven days after the judicial day next following payment of filing fees unless no judge is available for first appearance at that time, in which case the clerk may extend the first appearance date for up to seven additional days. At the request of the plaintiff, the clerk may enter a date more than seven days after the judicial day next following payment of filing fees if a judge will be available.

"(3)    Notwithstanding ORCP 10, by the end of the judicial day next following the payment of filing fees:

"(a)    The clerk shall mail a true copy of the summons and complaint by first class mail to the defendant at the premises.

"(b)    The process server shall serve the defendant with a true copy of the summons and complaint at the premises by personal delivery to the defendant or, if the defendant is not available for service, by attaching a true copy of the summons and complaint in a secure manner to the main entrance to that portion of the premises of which the defendant has possession."

Two of those requirements are pertinent to this case. First, the plaintiff must serve the defendant with a copy of the summons and complaint by the end of the next judicial day following the payment of the filing fee. Second, the clerk must set a

5

first appearance date eight judicial days after filing, which -- if the plaintiff complies with the one-day service requirement -- will usually be seven days following service.

In this case, it is undisputed that plaintiff served defendant well in advance of seven days before the first appearance date. It is also undisputed, however, that plaintiff did not serve defendant within one day of paying the filing fee. Plaintiff attempted to serve defendant following the filing of the initial complaint, but found that it had listed the incorrect address, resulting in service on the wrong residence. Plaintiff then filed an amended complaint and served the summons and amended complaint the following day. The dispute centers on the consequence of plaintiff failing to serve defendant within the one-day requirement set out in ORS 105.135(3)(b).

Beginning with the text of the statute, we observe that the legislature included no wording that spells out its intentions one way or the other about the consequences of failing to comply with the one-day service requirement of ORS 105.135 in cases in which the plaintiff has filed an amended complaint. There is, as defendant correctly points out, no mention of amending a complaint in the statute at all.

That is not the end of the matter, however. ORCP 1 A provides that the rules of civil procedure

> "govern procedure and practice in all circuit courts of this state, except in the small claims department of circuit courts, for all civil actions and special proceedings whether cognizable as cases at law, in equity, or of statutory origin except where a different procedure is specified by statute or rule."

An FED action is an action of "statutory origin." *See Lexton-Ancira, Inc. v. Kay*, 269 Or 1, 5-6, 522 P2d 875 (1974) (an FED action is a "special statutory proceeding"). Thus, the

6

rules of civil procedure apply "except where a different procedure is specified by statute or rule."

ORCP 23 A provides that

> "[a] pleading may be amended by a party once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served."

The effect of filing the amended complaint is to supersede the original pleading. *Propp v. Long*, 313 Or 218, 222-23, 831 P2d 685 (1992); *see also* ORCP 23 D (providing that an "amended pleading shall be complete in itself, without reference to the original or any preceding amended one").

Thus, unless the FED statute itself specifies a different procedure, a plaintiff who has filed an FED complaint may file an amended complaint as provided in ORCP 23. Defendant has identified no such different procedure specified in the FED statute, and we are aware of none. To the contrary, the FED statute is specific about when it is intended to depart from what is otherwise required by the rules of civil procedure. ORS 105.130(1), for example, states that, "[e]xcept as provided in this section" and others specified, an FED action "shall be conducted in all respects as other actions in courts of this state." ORS 105.135(3) itself, for another example, spells out the requirements of valid service of process "[n]otwithstanding ORCP 10." Clearly, the legislature is aware of how to specify a different procedure from what is required by the rules of civil procedure. Equally clearly, the legislature did not do so with respect to the filing of amended complaints. It necessarily follows that the rules of civil procedure

7

apply to the filing of an amended complaint in an FED action, and that a plaintiff who has filed an FED complaint may file an amended complaint as provided in ORCP 23.

As we have noted, under ORCP 23, a plaintiff may file an amended complaint once as a matter of course before a responsive pleading has been served. Consistently with that rule, plaintiff in this case filed its amended complaint within a week of filing the original complaint and before defendant served a responsive pleading.

The question remains what consequence, if any, attends the fact that plaintiff did not serve the summons and *amended* complaint within one judicial day of paying the filing fee. The short answer to that question is that there is no such requirement in the statute. What the statute does specify is that service occur at least seven judicial days before the first appearance date (eight judicial days from the filing of the complaint), to give the defendant an adequate opportunity to prepare. In this case, as plaintiff correctly asserts, it is undisputed that it served the summons and amended complaint 12 days before the first appearance date.

Defendant insists that, even though she was served with the amended complaint more than seven days before the first appearance date, the fact remains that she was not served with the *original* summons and complaint within the one judicial day of the payment of the filing fee, as required by ORS 105.135. That failure, she contends, deprived the court of jurisdiction and requires dismissal. Defendant, however, overlooks the effect of the filing of an amended complaint, which, as we have noted, is to supersede the original complaint. *Propp*, 313 Or at 222-23; *Olson v. Chuck, et al.*, 199 Or 90, 98, 259 P2d 128 (1953) ("This court has held many times * * * that when a party files an

8

amended pleading as to any of his adversaries, the original pleading ceases to be a pleading as to them.").

Neither of the decisions on which plaintiff relies is to the contrary. In *Schroeder*, the plaintiff sold the defendant certain real property by means of a land sale contract. 166 Or at 94. When the defendant failed to make payments as required under the contract, the plaintiff initiated an action to recover possession of the property under the FED statutes. *Id.* at 94-95. The court held that the plaintiff could not maintain the action, as a matter of law. "According to the great weight of authority," the court explained, "an action of forcible entry and detainer does not lie against a vendee in possession under a contract of purchase." *Id.* at 95 (citation omitted). Nothing in this court's decision in *Schroeder* turned on the compliance, or noncompliance, with a particular procedural requirement of the FED statute.

As for *South State Inv. Co.*, the plaintiff in that case filed a complaint under the FED statutes to recover possession of an apartment leased to the defendant. 289 Or at 111. The summons stated that the defendant was required to appear and answer at a hearing scheduled to occur eight days later. The version of the statute in effect at the time required the plaintiff to personally serve the defendant between three and seven days before the hearing. ORS 105.135(3) (1977). In the alternative, the statute permitted the clerk to mail a copy of the summons and complaint to the defendant between seven and ten days before the hearing. *Id.* The sheriff unsuccessfully attempted personal service on the defendant the following day (seven days before the hearing). Three days later, the clerk mailed a copy of the summons and complaint to the defendant (four days before the

9

hearing). The defendant did not appear, and the trial court entered judgment, including costs and disbursements, for the plaintiff. *South State Inv. Co.*, 289 Or at 111. A year later, the defendant moved to set aside the judgment for costs and disbursements. The defendant argued that, because the clerk failed to mail the summons and complaint within the time prescribed by the statute, the court lacked personal jurisdiction to enter the judgment. *Id.* This court agreed with the defendant. The court held that the statute plainly required the plaintiff to provide seven to ten days' notice of the hearing, and, in that case, the plaintiff gave only four days' notice. *Id.* at 117-18. The failure to provide adequate notice, the court held, deprived the trial court of personal jurisdiction. *Id.* The decision has no application to this case, in which it is undisputed that defendant did receive the notice that the statute requires before the first appearance hearing.

In short, nothing in the text of ORS 105.135 suggests that a plaintiff in an FED action must serve a summons and amended complaint within one judicial day of payment of the filing fee. What the statute does require is that an amended complaint be served at least seven judicial days before the first appearance date. In this case, plaintiff served the amended complaint more than seven days before the first appearance date. The trial court therefore did not err in denying defendant's motion to dismiss for want of jurisdiction, and the Court of Appeals did not err in affirming the judgment of the trial court.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

10