Argued and submitted March 28, 2012, affirmed on appeal; on cross-appeal, reversed and remanded for entry of a judgment consistent with this opinion July 17, 2013

Edith M. RUCKER,
Personal Representative of
the Estate of Clarence W. Rucker,
*Plaintiff,*

*and*

Barbara LAHMON,
Lois Monet Larson, Arthur Douglas Lahmon,
and Arthur Douglas Lahmon, Jr.,
*Plaintiffs-Appellants
Cross-Respondents,*

*v.*

Linda RUCKER
and Lewis Rucker,
*Defendants-Respondents
Cross-Appellants.*

Linda RUCKER
and Lewis Rucker,
*Third Party Plaintiffs,*

*v.*

Edith M. RUCKER,
Personal Representative of
the Estate of Clarence W. Rucker,
*Third Party Defendant.*

Lane County Circuit Court
160821176; A145247

307 P3d 498

Donald A. Bick argued the cause for appellants - cross-respondents. With him on the briefs was Donald A. Bick, PC.

Megan I. Livermore argued the cause for respondents - cross-appellants. With her on the brief were Molly A. Danielson and Gaydos, Churnside & Balthrop, P.C.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

In this action on a promissory note, plaintiffs sought to recover damages from defendants based on defendants' failure to make all payments due under the note. Defendants responded, in part, that a settlement agreement entered into before plaintiffs initiated litigation "satisfied and extinguished the promissory note." The case was tried to the court, which entered a general judgment in favor of defendants based on its conclusion that the settlement agreement constituted "a substituted contract which replaced the Promissory Note and discharged any obligation under the Promissory Note." Plaintiffs appeal, asserting that the trial court erred in concluding that the settlement agreement was a substituted contract. Defendants, on cross-appeal, contend that the trial court erred when, in the general judgment, it dismissed without prejudice a claim that was not included in the operative complaint. For the reasons explained below, we affirm on appeal and, on cross-appeal, reverse and remand for entry of a judgment consistent with this opinion.

We are bound by the trial court's findings if they are supported by any competent evidence. *See Allco Enterprises v. Goldstein Family Living Trust*, 183 Or App 328, 330, 51 P3d 1275 (2002). We recount the facts consistently with those findings and with the court's ruling. In 2004, Clarence Rucker (Clarence) loaned defendants a sum of money and defendants signed a promissory note. Although defendants made some payments on the note, at some point they failed to pay as agreed. Clarence sought payment, and in response defendants asserted that they should receive an offset for care they had provided to Clarence. Thereafter, the parties agreed to participate in mediation, which Judge Douglas Mitchell facilitated as mediator. During the mediation, the parties reached a settlement that they then recorded in the courtroom. Defendants were to pay Clarence $35,000 within 180 days, and that promise would be secured by a trust deed on property owned by defendants. If that amount was not paid in 180 days, then "a confession of judgment [would] be recorded for $50,000.00" in favor of Clarence. Each party to the settlement was asked whether the agreement as recorded accurately represented what they had assented to and each answered in the affirmative. Clarence, in particular, stated

to the court that he considered the agreement to be "pretty good." The parties also agreed that if "any glitches" came up in putting together the documents relating to the deal, Judge Mitchell would have the power to resolve those issues. The parties later signed a written agreement that reflected the understanding of the parties flowing from the settlement.[1] Clarence died shortly after signing the agreement.

Sometime after Clarence's death, his estate distributed the original promissory note to plaintiffs. In their amended complaint, plaintiffs sought to collect on the note. Defendants, as an affirmative defense, alleged that the parties' settlement agreement replaced the promissory note:

"On or about January 24, 2008, Clarence * * * and Defendants made, executed and entered into a Settlement Agreement which fully paid, satisfied and extinguished the promissory note [that is] the subject of Plaintiffs' Complaint, and Plaintiffs' Complaint should be dismissed. Such Settlement Agreement has superseded, replaced and extinguished the promissory note and should be fully enforced by the Court."

The case was eventually tried to the court. Plaintiffs asserted that "all the settlement agreement created was an 'executory accord,'" and, therefore, there was no intent to discharge the note until the agreement was fully performed. Defendants responded that "Clarence and [defendants] intended the settlement agreement to be a replacement contract extinguishing the obligations under the promissory note[.]" Ultimately, the court found for defendants, concluding that the settlement agreement was a substituted contract that extinguished the promissory note and became the operative agreement between the parties. On reconsideration, the court adhered to that ruling, noting that "the written settlement agreement merely reduced to writing a settlement in which both parties actively participated and

---

[1] One of plaintiffs' contentions on appeal is that the trial court's finding that the "written settlement agreement merely reduced to writing a settlement in which both parties actively participated" is "just plain wrong." However, at the trial in this case, the court asked plaintiffs whether the settlement agreement "that was drafted up" reflected "the understanding of the parties flowing from th[e] settlement conference." Plaintiffs agreed that it did. In view of plaintiffs' exchange with the trial court on that point, we reject their argument and do not address it further.

was placed on the record in Court before [Judge] Mitchell. An enforceable settlement agreement came into being the day the parties placed the settlement on the record."[2] The court entered a general judgment providing that "[a]n enforceable Settlement Agreement came into being the day the parties placed the settlement on the record before [Judge] Mitchell" and "[t]he Settlement Agreement was not an executory accord. It was a substituted contract which replaced the Promissory Note and discharged any obligation under the Promissory Note."[3] Thus, it dismissed plaintiffs' claim on the promissory note with prejudice.

On appeal, plaintiffs contend that the trial court erred in concluding that the settlement agreement was a substituted contract that replaced the promissory note. According to plaintiffs, the agreement arrived at during the mediation "was not intended to be a final agreement between the parties." According to plaintiffs, "[t]here is simply no evidence to show that the parties intended the mediation agreement to discharge the promissory note without full performance by defendants of the terms they agreed to at the mediation." In other words, plaintiffs assert that the parties intended only an executory accord rather than

---

[2] Plaintiffs argue on appeal that, because no case had been filed at the time of the mediation, the court improperly characterized the parties' agreement as having been placed "on the record." However, during the trial, plaintiffs themselves referred on numerous occasions to the agreement of the parties having been placed "on the record." They asked Judge Mitchell, who testified at the trial, questions relating to that issue: "So, you went back and forth on the mediation then until you got an agreement and then that is what was put on the record, is that right?" Judge Mitchell agreed that that characterization was correct. They also asked him, "When the parties reached an agreement, in your eyes, you went in to open Court where you could then record what they agreed, isn't that correct?" Again, Judge Mitchell agreed. Later, the court asked plaintiffs whether "there was an oral agreement on the record" and plaintiffs represented to the court that there was, indeed, such an "oral agreement on the record." Accordingly, we reject without further discussion plaintiffs' argument regarding the court's characterization of the settlement as having been "on the record."

[3] We note that plaintiffs contend that the trial court improperly departed from the pleadings when it ruled based on the oral agreement. In particular, they argue that, in their affirmative defense, defendants referenced the written agreement, dated January 24, 2008, and therefore the trial court could not consider the oral agreement in its ruling. We reject that argument without further discussion except to note again that the trial court considered the written agreement to be a memorialization of the parties' understanding reached at the mediation. *See* 257 Or App at 547 n 1.

a substituted contract, as found by the trial court. Defendants counter that the parties to the settlement agreement intended it "to be a replacement contract extinguishing the obligations under the promissory note."

"An executory accord is an agreement for the future discharge of an existing claim by a substituted performance." *McDowell Welding & Pipefitting v. US Gypsum Co.*, 345 Or 272, 281, 193 P3d 9 (2008) (internal quotation marks omitted). It does not immediately discharge the underlying claim, but "merely suspends it" pending full performance. *Id.* at 282. "A substituted contract differs from an executory accord in that the parties intend that entering into a new agreement will immediately discharge the underlying obligation. A substituted contract discharges the underlying obligation * * *." *Id.* at 283 (footnote and citations omitted). Whether a new agreement is a substituted contract operating as an immediate discharge or is an executory accord depends on the intent of the parties. The "intent to substitute the new promise for the original liability must be clearly shown." *Savelich Logging v. Preston Mill Co.*, 265 Or 456, 463, 509 P2d 1179 (1973).

Plaintiffs' argument centers on what Clarence intended: They assert that the oral and written agreements were not intended to substitute for the promissory note and, specifically, that Clarence "would not intend to swap a promissory note for a larger sum for an unsecured promise of a lesser sum and it is apparent from the mediated agreement that he did not so intend." Here, as noted, the trial court disagreed with that argument. It concluded that the settlement agreement was indeed intended to operate as a substituted contract and to immediately discharge the obligation on the promissory note. We agree with the trial court's conclusion; the parties' clear intent to enter into a substituted contract (rather than an executory accord) is reflected in their agreement.

Here, as discussed above, the parties participated in mediation with Judge Mitchell during which they agreed to resolve their disputes regarding the amounts due under the promissory note and for the care defendants provided to Clarence. After reaching an agreement, they went into

the courtroom, recorded that agreement, and stated their intention to abide by it. Later, a written memorialization of the agreement was prepared and that document, which was signed by Clarence before his death (and, on an unspecified date, by defendants), stated that the parties had "reached a settlement and resolution of all claims between the parties" and that the document was "intended to memorialize such agreement." It provided a remedy in the event that defendants defaulted on the agreement and further stated that the parties, by their agreement, "mutually release, acquit and forever discharge one another * * * from any and all claims * * * arising from or in any way related to the monies loaned or advanced from Clarence to [defendants] and for support services and advances made from [defendants] to Clarence." Thus, we conclude that it is clear that the parties intended their settlement to extinguish the obligation on the promissory note and replace it with the substituted terms of the settlement agreement. Accordingly, we reject plaintiffs' assignment of error on appeal.

We turn next to defendants' assignment of error on cross-appeal. They argue that the trial court erred in ruling on a matter that was not before it. In particular, in the general judgment, the court dismissed without prejudice a claim that had been pleaded in the original complaint but was not included in plaintiffs' amended complaint. Plaintiffs counter that, "[u]nder the relatively new judgment statute, ORS 18.082(3), any claim that is not expressly recited is presumed to be 'dismissed with prejudice unless the judgment provides that the dismissal is without prejudice.'"[4] For that reason, plaintiffs contend, the trial court "properly revised the proposed judgment to dismiss the former * * * claim on the settlement * * * without prejudice." As explained below, we agree with defendants that the trial court erred when it purported to resolve a claim that was not part of the case.

---

[4] ORS 18.082(3) provides:

"Upon entry of a general judgment, any request for relief in the action that is not decided by the general judgment or by a previous limited judgment, that has not been incorporated into the general judgment under subsection (2) of this section, or that cannot be decided by a supplemental judgment, is dismissed with prejudice unless the judgment provides that the dismissal is without prejudice."

The original complaint in this case was filed by the personal representative of the Clarence's estate, and included two claims: an action on the promissory note and a claim based on the parties' settlement agreement. Later, by stipulation of the parties, the court entered an order that the estate "be removed as Plaintiff, and the distributive beneficiaries of the promissory note in said estate" be substituted as plaintiffs. Furthermore, the new plaintiffs were permitted to file an amended complaint. Plaintiffs then filed their amended complaint, which contained a single claim relating to the promissory note; unlike the original complaint, it included no claim related to the settlement agreement.

After trial, defendants submitted a form of judgment to which plaintiffs objected asserting, in part, that the "omission of reference to the original, alternate claim on the settlement [was] critical" because, "[a]bsent a deliberate disposition of the old settlement claim," the operation of ORS 18.082(3) would cause that claim to be dismissed with prejudice. During the hearing regarding the form of judgment, plaintiffs acknowledged that, at trial, the claim *** before the Court in the pleadings was only the claim on the Promissory Note." Nonetheless, they sought to have the judgment reflect a disposition of the claim on the settlement agreement from the original complaint. Defendants opposed inclusion of a dismissal without prejudice of the settlement claim in the general judgment, arguing that the claim was "not a claim that is before the court" and that it was improper for plaintiffs to seek a ruling from the court on a claim that was not part of the case. The court ultimately included a resolution of the settlement claim in the general judgment, stating that "Count 2 of the original complaint, which asserted defendants' alleged breach of the Settlement Agreement, is dismissed without prejudice." As noted, on appeal, defendants contend that the trial court's dismissal of that claim without prejudice in the general judgment was erroneous.

When a pleading is amended before trial, "it shall be done by filing a new pleading, to be called the amended pleading, or by interlineation, deletion, or otherwise. Such amended pleading shall be complete in itself, without reference

to the original or any preceding amended one." ORCP 23 D. "The effect of filing [an] amended complaint is to supersede the original pleading." *Balboa Apartments v. Patrick*, 351 Or 205, 212, 263 P3d 1011 (2011). Thus, when plaintiffs filed the amended complaint in this case, that amended pleading completely replaced and superseded the prior pleading. At that point it was, functionally, as if the claim on the settlement agreement had never existed. Plaintiffs' only request for relief in the action after the filing of the amended complaint was their claim on the promissory note.[5] Accordingly, only that claim should have been included in the judgment. It was error for the court, in the judgment, to resolve a claim that was not in the case.

Affirmed on appeal; on cross-appeal, reversed and remanded for entry of a judgment consistent with this opinion.

---

[5] We note that ORS 18.005(16) defines the term "request for relief" as "a claim, a charge in a criminal action or any other request for a determination of the rights and liabilities of one or more parties in an action that a legal authority allows the court to decide by a judgment."