No. 383 April 30, 2025 231

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Ankush MEHTA,
*Plaintiff-Appellant,*

*v.*

Brian CARSON,
Ellery Hirsch, and all other occupants of 2122 2nd Avenue,
Gold Hill, Oregon 97525,
*Defendants-Respondents.*

Jackson County Circuit Court
23LT14485; A182823

Benjamin M. Bloom, Judge. (General Judgment November 16, 2023)

Charles G. Kochlacs, Judge. (Supplemental Judgments January 25, 2024, and January 30, 2024)

Argued and submitted on December 20, 2024.

Sean P. Tipton argued the cause for appellant. Also on the brief was Frohnmayer, Deatherage, Jamieson, Moore, Armosino & McGovern, PC.

Cole H. Downey argued the cause for respondent Ellery Hirsch. Also on the brief was Downey Law Practice LLC.

Matthew A. Goldberg, Nicole C. Gossett-Roxbury and Harris Sliwoski LLP filed the brief for respondent Brian Carson.

Before Ortega, Presiding Judge, Egan, Judge, and Hellman, Judge.*

HELLMAN, J.

Reversed.

_____
\* Egan, Judge *vice* Mooney, Senior Judge

**HELLMAN, J.**

Plaintiff appeals two supplemental judgments awarding attorney fees and costs to defendants. Plaintiff filed an "amended eviction complaint" against defendants, who had possession of a residential home owned by plaintiff. The trial court ruled that plaintiff's action was brought under the "squatter" provision of the Oregon Residential Landlord Tenant Act (ORLTA), ORS chapter 90. It dismissed the amended complaint and awarded attorney fees and costs to defendants under ORS 90.255. On appeal, plaintiff does not challenge the dismissal but contends that the court erred in awarding attorney fees because the proceeding did not "aris[e] under" ORS chapter 90, as required by ORS 90.255. As explained below, we conclude that an action brought under the squatter provision does not arise under ORS chapter 90. Therefore, the court's determination that plaintiff's complaint was brought under that provision precluded it from awarding attorney fees under ORS 90.255. Accordingly, we reverse.

Plaintiff filed a "Residential Eviction Complaint" against defendants, Carson and Hirsch, alleging that they were in possession of real property that plaintiff owned. Before either defendant filed a response, plaintiff filed an "Amended Eviction Complaint." The amended complaint maintained that defendants were in possession of plaintiff's real property but differed from the original complaint in a number of ways, including that it stated in the header: "Tenancy not covered by ORS chapter 90." The amended complaint further stated:

> "There is no rental agreement between Plaintiff and Defendants. Defendants have never paid and have never been obligated to pay rent to occupy the Premises.

> "On or about August 1, 2023, Plaintiff, by and through his attorneys, gave Defendants a thirty-day notice to vacate the Premises. A copy of the Notice is attached to this Complaint as Exhibit '1'.

> "* * * * *

"Chapter 90 is inapplicable under ORS 90.110(5) as Defendants are 'squatters' as that term is defined by ORS 90.100(44)."[1]

Both defendants filed answers alleging affirmative defenses, including that "no landlord tenant relationship" existed between the parties. Specifically, defendant Hirsch argued that in "bringing an action where no landlord tenant relationship exists, and there has been no forcible entry or unlawful holding by force, the proper legal vehicle for an action to remove an individual from a property would be an ejectment under ORS 105.005." Defendants asked the court to dismiss the complaint and award attorney fees.

Plaintiff filed a motion requesting leave to amend the amended complaint and seeking to postpone trial. Plaintiff's motion alleged that the amended complaint was filed "pursuant to ORS 105.126 (form of complaint if chapter 90 does not apply)" but acknowledged that the claim "should be brought as an ejectment pursuant to ORS 105.005-105.080." The court denied plaintiff's motion to amend the amended complaint and, at a motion hearing, dismissed the amended complaint. The court issued an opinion letter awarding attorney fees to defendants:

"This was a Residential Landlord and Tenant action commenced by Plaintiff. While the complaint was amended to indicate there was no landlord tenant relationship, Plaintiff's amended complaint is still brought under ORS 90, the 'squatter' provision, ORS 90.100(44). Defendant is the prevailing party. The issue arose under ORS chapter 90. Therefore, reasonable attorney fees are appropriate under ORS 90.255 and the court will consider ORCP 68 statements."

On appeal, plaintiff does not challenge the court's dismissal of the amended complaint or the court's exercise of discretion to deny his motion to amend the amended complaint. He argues only that the court erred in awarding attorney fees to defendants under ORS 90.255. Plaintiff first argues that the amended complaint superseded his original complaint and that the amended complaint explicitly stated

---

[1] Although the substance has not changed, the definition of "squatter" has since been renumbered to ORS 90.100(47).

that ORS chapter 90 did not apply. Second, plaintiff contends that the trial court's determination that the amended complaint was brought under ORS chapter 90's squatter provision is legally incorrect because that provision is not governed by ORS chapter 90.

Defendants argue that plaintiff's initial complaint was brought under ORS chapter 90 and that, even when plaintiff amended the complaint, it comported with the procedures of ORS chapter 90: Plaintiff attached a termination of tenancy notice, served the same summons form stating, "YOUR LANDLORD WANTS TO EVICT YOU," and did not pay an increased filing fee required by certain proceedings where ORS chapter 90 does not apply. Thus, defendants contend that the court determined correctly that this action arose under ORS chapter 90 and did not err in awarding attorney fees.

A trial court has discretion and "may" award attorney fees to the prevailing party in "any action on a rental agreement or arising under" ORS chapter 90. ORS 90.255. Although the court has discretion to award fees when authorized, whether a party is entitled to attorney fees under a particular statute is a question of law. *See Erickson v. R&R Ranches*, LLC, 316 Or App 287, 292, 503 P3d 1261 (2021) ("A party is not entitled to an award of attorney fees unless a statutory or contractual provision specifically authorizes the award."); *see also Anderson v. Sullivan*, 311 Or App 406, 413, 492 P3d 118, *rev den*, 368 Or 702 (2021) (explaining that, even where it has discretion to award fees, the court errs if the decision to do so is based on a mistaken legal premise). Here, because the parties agree that there was no rental agreement, the court was authorized to award attorney fees only if plaintiff brought a claim that "aris[es] under" ORS chapter 90.

To determine whether plaintiff did so, we must first resolve which of plaintiff's complaints is the operative complaint under which he brought his claim. Defendants argue that plaintiff's "initial complaint and conduct" were specifically but improperly brought under ORS chapter 90. And, relying on *Dikeman v. Carla Properties, Ltd.*, 127 Or App 53, 871 P2d 474 (1994), defendants contend that the prevailing

party is entitled to attorney fees where a party improperly brings a claim under that chapter. In that case, the trial court determined that the defendant was not entitled to attorney fees under ORS 90.255 because it determined that ORS chapter 90 did not apply to the plaintiff's negligence claim. *Id*. at 63. On appeal, we reversed and concluded that, when a plaintiff brings an action alleging claims under ORS chapter 90, a prevailing defendant is entitled to recover under ORS 90.255, even where it is later determined that ORS chapter 90 did not apply to the alleged claim. *Id*.

Unlike the plaintiff in *Dikeman*, however, plaintiff here amended his complaint "by filing a new pleading *** without reference to the original or any preceding amended one." ORCP 23 D. By doing so, plaintiff's amended complaint became the operative complaint. *See Balboa Apartments v. Patrick*, 351 Or 205, 212, 263 P3d 1011 (2011) ("The effect of filing [an] amended complaint is to supersede the original pleading."); *see also Rucker v. Rucker*, 257 Or App 544, 552, 307 P3d 498 (2013) (explaining that the "amended pleading completely replaced and superseded the prior pleading"). Thus, we conclude that plaintiff's initial complaint had no bearing on the issue of defendants' entitlement to attorney fees under ORS 90.255.

That leads us to the second issue that we must resolve—whether plaintiff brought the amended complaint—improperly or not—under ORS chapter 90. The trial court determined that the amended complaint was "brought under" the "'squatter' provision" of ORS chapter 90. That determination is supported by the allegation in plaintiff's amended complaint that "Defendants are 'squatters' as that term is defined by ORS 90.100(44)."

The trial court then awarded attorney's fees to defendants because "[t]he issue arose under ORS chapter 90." But the trial court's determination that the amended complaint was "brought under" the "squatter provision" precluded the court from awarding fees under ORS 90.255, because a complaint brought under that provision does not "aris[e] under" ORS chapter 90.

The provision at issue, ORS 90.100(47), appears in the ORLTA and is part of the definitions for terms "[a]s used in this chapter." ORS 90.100. It defines "squatter," in part, to mean "a person occupying a dwelling unit who is not so entitled under a rental agreement or who is not authorized by the tenant to occupy that dwelling unit." Although the term squatter is defined within ORS chapter 90, the occupancy of a squatter is excluded from application of the ORLTA by ORS 90.110, which provides:

"Unless created to avoid the application of this chapter, the following arrangements are not governed by this chapter:

"* * * * *

"(5)   Occupancy by a squatter."

The trial court's letter opinion does not address ORS 90.110(5) or explain how it determined that the amended complaint was brought under the squatter provision but also "arose under" ORS chapter 90, when occupancy by a squatter is expressly excluded from application of the ORLTA.[2] In sum, the court's determination that plaintiff's amended complaint was brought under the squatter provision precluded it from awarding attorney fees under ORS 90.255.[3] We therefore reverse the attorney fee award.

Reversed.

---

[2] Defendants contend that the introductory phrase of ORS 90.110 nullifies the exclusion from ORS chapter 90 because, they argue, plaintiff's intent in amending the complaint was to "avoid the application" of ORS chapter 90. We reject that argument. The proper focus in determining whether the "arrangement" was "created to avoid the application" of ORS chapter 90 is not on plaintiff's litigation strategy; rather, it is the type of arrangement that the parties structured at the time the arrangement was created, and the procedures they used to do so. *See Burke v. Oxford House of Oregon Chapter V*, 341 Or 82, 91, 137 P3d 1278 (2006) (explaining that the term "arrangements" in ORS 90.110 "includes not only the type of rental arrangement but also the procedures by which the parties have structured the rental arrangement").

[3] That plaintiff served defendants with a summons and termination notice that comported with ORS chapter 90 does not affect our disposition. It is the complaint that commences the action and serves as the basis for the pleading. ORCP 3. And defendants do not argue that the amended complaint was brought under a different provision or challenge the court's determination that it was brought under the squatter provision.