No. 51            January 28, 2026            743

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

THOMAS HARRY BRAY,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institute,
*Defendant-Respondent.*

Umatilla County Circuit Court
19CV53806; A185482

W. D. Cramer, Jr., Senior Judge.

Argued and submitted December 17, 2025.

Thomas Bray argued the cause and filed the briefs *pro se*.

Greg Rios argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner appeals a judgment denying post-conviction relief. After a bench trial, petitioner was convicted of two counts of first-degree rape, two counts of first-degree sodomy, strangulation, and fourth-degree assault. Once the judgment of conviction was final, petitioner sought post-conviction relief, claiming that his trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, in three ways: first, by failing "to impeach false testimony related to alleged internet searches by the [p]etitioner"; second, by failing to move for a mistrial based on "the state's tampering with evidence" or " the state's tampering with evidence later followed by a conspiracy to cover-up the initial crime"; and third, by failing "to object to a search and seizure by the government that resulted in protected emails falling into the hands of the prosecutors." The post-conviction court denied all three claims. Petitioner appeals, raising four assignments of error. We affirm.

*Assistance of counsel.* In his first, second, and fourth assignments of error, petitioner contends that the post-conviction court erred in denying relief on his claims of inadequate and ineffective assistance of counsel.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id*.

In this case, our review is hampered by petitioner not recognizing the different roles of trial and appellate courts and consequently failing to appreciate that we review the post-conviction court's rulings, not the claims themselves, and must do so in strict accordance with the applicable standard of review. Petitioner acknowledges the standard of review but does not conform his arguments to it. Although we recognize the challenges inherent in representing oneself in an appellate court and may disregard technical deficiencies up to a point, we cannot step out of our role as neutral arbiter to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003). Subject to that limitation, we have considered each of petitioner's arguments, and we are unpersuaded that the post-conviction court erred in denying relief on petitioner's claims of inadequate and ineffective assistance of counsel.

As to the first post-conviction claim, the court did not err in concluding that trial counsel's performance was not constitutionally deficient. Trial counsel made a considered strategic decision not to call a defense expert to rebut the state expert's testimony regarding the "rape kit" issue. Petitioner may now question that decision, but we are unpersuaded that making it was constitutionally deficient under the circumstances that existed at the time. As the Supreme Court has cautioned, we must "make every effort to evaluate a lawyer's conduct from the lawyer's perspective at the time, without the distorting effects of hindsight." *Lichau v. Baldwin*, 333 Or 350, 360, 39 P3d 851 (2002). We will not

"second-guess a lawyer's tactical decisions in the name of the constitution unless those decisions reflect an absence or suspension of professional skill and judgment." *Gorham v. Thompson*, 332 Or 560, 567, 34 P3d 161 (2001). That other lawyers might have made a different decision, or that trial counsel himself might wish to have made a different choice with the benefit of hindsight, is not the standard. *See Montez v. Czerniak*, 355 Or 1, 27, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014) ("Other lawyers might disagree with that strategic choice, but the choice itself was made with appropriate consideration of the risks and benefits, and we cannot say that it was unreasonable."); *Krummacher v. Gierloff*, 290 Or 867, 875, 627 P2d 458 (1981) ("The constitution gives no defendant the right to a perfect defense—seldom does a lawyer walk away from a trial without thinking of something that might have been done differently or that he would have preferred to have avoided."). Furthermore, the post-conviction court expressly found that petitioner "agreed to" trial counsel's approach—a finding that petitioner has neither challenged under the applicable standard of review for factual findings or even addressed. For both reasons, we reject petitioner's first assignment of error and affirm the post-conviction court's denial of petitioner's first claim for relief.

As to the second post-conviction claim, the court did not err in concluding that trial counsel's performance was not constitutionally deficient. The post-conviction court was unpersuaded that the state tampered with the photographs at issue, was unpersuaded that the state conspired to cover up tampering, and expressly found the state's witnesses credible on this issue. Petitioner urges us to reweigh the evidence and reach our own conclusions, but doing so is inconsistent with the standard of review. *Hale v. Belleque*, 255 Or App 653, 660, 298 P3d 596, *adh'd to on recons*, 258 Or App 587, 312 P3d 533, *rev den*, 354 Or 597 (2013) ("The appellate court *** is bound by the post-conviction court's findings of fact, if they are supported by any evidence in the record. The appellate court does not reweigh the evidence— it simply determines whether any evidence in the record

supports the findings made by the trial court."[1] (Internal citation omitted.)). The post-conviction court did not err in concluding that not all constitutionally adequate counsel would move for a mistrial based on the photographs, nor did it err in rejecting the claim based on failure to prove prejudice. We therefore reject petitioner's second assignment of error and affirm the post-conviction court's denial of petitioner's second claim for relief.

As to the third post-conviction claim, the court did not err in concluding that trial counsel's performance was not constitutionally deficient. The post-conviction court expressly found that the state "did not obtain the emails" at issue. Petitioner does not acknowledge that finding, assign error to it, or develop any argument under the applicable standard of review for factual findings. Moreover, petitioner's argument ignores the possibility that, even if the emails were in Google's possession, Google could have failed to locate and produce them due to its own mistake. We reject petitioner's fourth assignment of error and affirm the post-conviction court's denial of petitioner's third claim for relief.

*Napue claims.* In his third assignment of error, petitioner contends that the post-conviction court used the wrong standard of review for petitioner's first two claims, by failing to use the standard for *Napue* violations. *See Napue v. Illinois*, 360 US 264, 269, 79 S Ct 1173, 3 L Ed 2d 1217 (1959) (holding that the state violates a criminal defendant's due process rights when it knowingly uses false evidence or knowingly fails to correct false evidence, where that evidence is material in obtaining a conviction). The superintendent responds that any *Napue* claims are not cognizable as they are not pleaded in the operative petition for post-conviction relief. "The allegations of the petition frame the issues that a post-conviction court can consider, and a petitioner who fails to raise a claim in a petition for post-conviction relief has waived it and is foreclosed from making arguments on claims not raised in the petition, or that expand on the claims pleaded." *Hale*, 255 Or App at 660 (internal citation omitted).

---

[1] We have viewed the photographs and note that the post-conviction court's findings are supported by the evidence. That is, on this record, the court could reasonably find that the photographs were not tampered with.

We agree with the superintendent. A *Napue* claim is directed entirely at the state's conduct and is distinct and different from a claim of inadequate or ineffective assistance of counsel. *See Tiner v. Premo*, 284 Or App 59, 70-71, 391 P3d 816, *rev den*, 361 Or 886 (2017) (discussing *Napue* and *Brady* claims, both of which are grounded in due process, and neither of which relates to assistance of counsel). The operative petition does not contain a *Napue* claim, so the post-conviction court properly did not address any *Napue* claim. Petitioner is incorrect that pleading a *Napue* claim in his original petition "preserved" a *Napue* claim—the post-conviction court could not consider any claims outside the operative petition. *See Balboa Apartments v. Patrick*, 351 Or 205, 212, 263 P3d 1011 (2011) (an amended pleading supersedes prior pleadings under ORCP 23 D).

In his reply brief, petitioner "assigns error to the state's pre-trial motion to strike," which we understand to be a belated effort to assign error to the post-conviction court's grant of the state's pretrial motion, as relevant to the *Napue* claims. We do not consider that argument. All assignments of error must be raised in the opening brief. ORAP 5.45(1) (providing that "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief"). They cannot be raised in the reply brief. *Federal National Mortgage Association v. Goodrich*, 275 Or App 77, 86, 364 P3d 696 (2015) ("We will not consider a ground for reversal that is raised on appeal for the first time in a reply brief."); *Clinical Research Institute v. Kemper Ins. Co.*, 191 Or App 595, 608-09, 84 P3d 147 (2004) (refusing to consider new argument for error that was raised in reply brief because it "simply comes too late").

We therefore reject the third assignment of error, and we affirm the judgment denying post-conviction relief.

Affirmed.